Pennsylvania General Insurance Company,
Appellant, *v.* Barr.

Argued May 7, 1969. Before Bell, C. J., Jones,
Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*E. Paul Maschmeyer,* with him *Marshall, Dennehey & Warner,* for appellant.

*Alexander A. DiSanti,* with him *Richard, Brian & DiSanti,* for appellee.

OPINION BY MR. JUSTICE POMEROY, October 9, 1969:
This appeal by the Pennsylvania General Insurance Company (General) is from a decree of the lower court dismissing appellant's complaint in equity and sustaining appellee Emma S. Barr's preliminary objection thereto. At issue is the availability of arbitration to resolve a dispute between the parties as to the amount of uninsured motorist coverage provided by certain policies issued by General to Norman Barr, deceased husband of appellee.

On November 10, 1967, Norman Barr, while on duty as a police officer of Haverford Township, was struck and killed by an automobile driven by one James Gallagher. At the time of his accident, Barr was insured under two separate contracts issued by General. Each contract provided coverage for damages for bodily injury caused by uninsured automobiles, but neither policy specified the limits of appellant's liability under this provision. The uninsured motorist clause of each policy contained an arbitration provision which in pertinent part reads as follows: "ARBITRATION: If any person making claim hereunder and the Company . . . do not agree as to the amount of payment which

may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any Court having jurisdiction thereof." Decedent was also covered under a contract issued to his employer, the Township, by the Insurance Company of North America (I.N.A.).

After the death of her husband, Emma S. Barr, as executrix of his estate, filed a demand upon General and I.N.A. for arbitration under the uninsured motorist provision of each of the General policies. The amount claimed was initially $25,000 under each policy, but this was later amended in writing to "unlimited".

Appellant thereafter filed a complaint in equity praying for a preliminary injunction to restrain appellee from proceeding to arbitration until the nature and extent of the coverage provided by the uninsured motorist provisions had been judicially determined. The two insurance companies, the executrix, Emma S. Barr, and the American Arbitration Association were the named defendants. A preliminary injunction was entered on the basis of an injunction affidavit. The executrix, appellee Barr, filed preliminary objections contending that venue was improper and that appellant had a complete nonstatutory remedy at law available by way of arbitration. After argument, the lower court dismissed appellee's objection as to venue but sustained the objection that arbitration, not judicial proceedings, was the sole forum for resolution of the issues raised. It accordingly dismissed appellant's complaint. This appeal followed.

It is appellant's contention that the dispute in the present case should not be submitted to arbitration without prior judicial construction of the contractual

provisions in question, and that the lower court in the exercise of its equitable powers should have reformed the insurance contracts in question. We are unable to accept either contention.

Appellant argues that the present dispute was not a fit subject for arbitration because neither of the policies contained any express limit on the uninsured motorist coverage. The argument is difficult to understand given the circumstances of the case and the language of the insurance policies. It is uncontested that uninsured motorist coverage was provided.[1] This dispute between the parties concerns the amount of recovery possible, and more specifically whether the coverage is limited, whether recovery may be had under both policies, and whether the amount recoverable from General is excess to the I.N.A. coverage. Each of these questions is a point of disagreement between appellee and appellant. The issue central to each question is the amount of payment which is due the decedent's estate, and that is a matter specifically reserved for arbitration under the insurance contracts. In other cases construing language virtually identical to that found in the present arbitration provisions, we have held that it was for arbitrators to decide whether the driver was uninsured, whether a condition precedent of recovery had been satisfied, and whether recovery was barred by the applicable statute of limitations. See *National Grange Mutual Insurance Company v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 (1968); *Harleysville Mutual Insurance Company v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968); and *Merchant's Mu-*

---

[1] While the record before us does not contain the full texts of the policies, the brief of appellee has appended to it what purports to be the uninsured motorist provisions of each policy. The brief states that this has been done pursuant to stipulation of counsel.

*tual Insurance Company v. American Arbitration Association,* 433 Pa. 250, 248 A. 2d 842 (1969).

The present case is more clearly within the ambit of the arbitration provision than was any of the above cited cases. We see no reason why the issue presented should not be expeditiously disposed of by arbitration.

Appellant contends, however, that this case is properly ruled by *Ellison v. Safeguard Mutual Insurance Company,* 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967). The insurance contract in that case contained no uninsured motorist provision, and the question at issue was whether the carrier was obliged to submit an uninsured motorist claim to arbitration where the policy itself provided no such coverage. That case has been read narrowly by this Court in the *Kuhn* and *Medycki* cases, *supra.* It is manifestly distinguishable from the one now before us.

Appellant's further contention is that the absence of an express limit on the uninsured motorist coverage was the result of a mutual mistake which was readily apparent on the face of the contracts and that the contracts should therefore have been reformed to remedy that mistake. Of course, a court of equity has the power to reform a written instrument where mutual mistake is shown. In this case, however, there was no such showing. Nothing in the record, or in appellant's brief or argument, indicates what precisely the mistake was, how it came about, why it was readily apparent to the policy holder, and what provisions of the policies are in need of reformation. Indeed, appellant did not plead mistake, mutual or otherwise, and failed to pray for reformation. Rather, the complaint sought only interpretation of certain contractual provisions. Appellant's prayer for "such other and further relief as is just and reasonable" cannot be deemed to have properly presented the issues of mistake and reforma-

tion to the court below. Those issues having been raised for the first time on appeal will not now be considered by this Court. *Brunswick Corporation v. Key Enterprises, Inc.,* 431 Pa. 15, 244 A. 2d 658 (1968) ; *Schofield v. Donato,* 429 Pa. 435, 240 A. 2d 541 (1968).

We find no error in the action of the lower court sustaining appellee's preliminary objections. Appellant had an adequate nonstatutory remedy, and the lower court sitting in equity was correct in refusing jurisdiction and dismissing the complaint.

Decree affirmed. Costs on appellant.