Nationwide Mutual Insurance Company, Appellant, *v.* Barbera.

Argued March 23, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Thomas F. Weis,* with him *Weis & Weis,* for appellant.

*John E. Evans, Jr.,* with him *Evans, Ivory & Evans,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 1, 1971:

An automobile operated by Fred Cancilla left its own side of the highway and collided head-on with an

automobile traveling in the opposite direction operated by Julius Barbera. Several other vehicles became involved including one operated by Robert Barnett, and another by Donald Wolforth. Barbera, who suffered extremely serious and permanent injuries in the accident, instituted an action for damages against Cancilla, Barnett and Wolforth. The case was consolidated for trial with other actions arising out of the same accident and, after five days of trial, Barbera's claims against Barnett and Wolforth were settled by their insurance carriers for $37,500.

Barbera then instituted an uninsured motorist arbitration proceeding before the American Arbitration Association against Nationwide Insurance Company, his insurer, based on the fact that Cancilla was an uninsured motorist.

Charles Morrow was appointed Arbitrator and a hearing followed at which Nationwide appeared and defended. An award was subsequently entered in favor of Barbera for $9500.

In relevant part the insurance policy issued by Nationwide to Barbera provided the following: "If any person making claim under the Uninsured Motorist Coverage and the Company do not agree that such person is legally entitled to recover damages . . . the matters . . . shall be settled by arbitration." [Opinion, lower court]

The policy included another provision designated "Trust Agreement" which provided: "In the event of payment to any person under this endorsement: a. The Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made; b. Such person shall

hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim under this endorsement; c. Such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights."

Nationwide took the position that the sums recovered by Barbera from Barnett and Wolforth should be held in trust for Nationwide under the terms of the policy. Barbera contended that the Trust Provision was not operative because Barnett and Wolforth were not "legally responsible" for his "bodily injury." The issue was submitted to the Arbitrator and he decided it against Nationwide.

Nationwide then instituted this action in equity to vacate the Arbitrator's award and to enforce the "Trust Agreement" in the policy. Preliminary objections to the complaint in the form of a demurrer were sustained in the court below and the complaint was dismissed. Nationwide then filed this appeal. We affirm.

The proper procedure to vacate an arbitrator's award is by petition to the Court of Common Pleas and not by a complaint in equity. *Keller v. Local 249 I. B. of T., C., W. & H.*, 423 Pa. 353, 223 A. 2d 724 (1966). Moreover, since admittedly the arbitration proceedings involved were at common law, the Arbitrator was the final judge of both law and fact, and his award will not be set aside, unless it is alleged and proven by clear, precise and convincing evidence that the parties were denied a hearing or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the Arbitrator which caused him to render an unjust, inequitable or unconscionable finding. *Wingate Construction Company v. Schweizer Dipple, Inc.*, 419 Pa. 74, 213 A. 2d 275 (1965), and *Harwitz v. Selas Corporation of America*, 406 Pa. 539, 178 A. 2d 617

(1962). Appellant herein, not only erred procedurally but more importantly, failed to allege in its complaint any misconduct on the part of the arbitrator which would justify vacating the award. Hence, the complaint was woefully inadequate and the court below correctly so ruled. But appellant now argues it should be permitted to amend its complaint. We conclude not.

No request to amend was made in the court below and no effort was made to amend the complaint as permitted under Rule 1028(c) Pa. R. C. P. after Nationwide had been served with the preliminary objections. But above and beyond this, we are convinced that permitting an amendment would merely further delay a resolution of the controversy and not infuse the complaint with the substance needed to vacate the award.

Decree affirmed. Costs on Nationwide.

Mr. Justice JONES dissents.