## DePhillips v. Keystone Insurance Company

*Sheldon Albert,* for plaintiff.
*C. Dean Francis,* for defendant.

HIRSH, J., November 30, 1972.—This matter is before the court on plaintiff's petition and rule to show cause why the arbitrators' award in favor of defendant should not be vacated and set aside and a new panel convened to hear the case de novo. The facts disclose that plaintiff brought a suit against his own insurance carrier, respondent, Keystone Insurance Company, under the provision of the uninsured motorist clause in said policy, to recover damages sustained from an automobile accident involving an uninsured motorist. The matter was brought before the American Arbitration Association where a hearing was held on November 24, 1970. At that hearing, a request for a continuance was made by defendant insurance company, asking leave to present medical testimony. The panel scheduled another hearing for January 6, 1971, which was then continued, over plaintiff's objection, to March 1, 1971. On March 2,

1971, the day after the continued hearing commenced, an award was delivered denying plaintiff's claim in its entirety. It was at that time revealed that the award was entered on the very day of the second hearing and the letter of transmittal prepared and dated the same day. It was subsequently discovered by plaintiff that one of the members of the arbitration panel did not disclose, as is required, that he had in the past represented Keystone Insurance Company and that, at the time of the hearing, the firm of which he is a partner represented Keystone in fire loss cases. On the basis of this discovery, plaintiff requested that the award be rendered null and void and that a new panel be convened; this request was denied by the American Arbitration Association. Plaintiff now seeks to vacate the arbitrators' award on March 1, 1971, in favor of Keystone Insurance Company and to convene a new panel to hear the case de novo.

The only issue that concerns this court is whether or not an arbitration panel's award should be vacated and set aside because one of the members of the arbitration panel failed to disclose under a sworn affidavit any past or present relationship with the parties or their counsel.

In Nationwide Mutual Insurance Company v. Barbera, 443 Pa. 93 (1971), it was held that the proper procedure to vacate arbitrators' award is by petition and that award will be vacated when petitioner establishes that he was denied a hearing or that there was fraud, misconduct or corruption on behalf of the arbitrators.

Petitioner was not denied a hearing, nor was there any evidence of fraud or corruption on the part of the arbitrators; however, the court does find that there was misconduct on the part of one of the arbitrators for his failure to disclose a past relationship with

one of the parties, such disclosure being mandated by the oath which each arbitrator takes. The failure to reveal that he had in the past represented defendant Insurance Company and that his firm continued to represent defendant is the kind of action that would prejudice plaintiff and would thus constitute the type of misconduct that would necessitate the vacating of the award. The court finds that this is the proper remedy, in spite of the fact that the other two members of the panel also voted against plaintiff. The court should not have to conjecture and decide as to what effect one arbitrator had upon another. The mere fact that one failed to reveal a possible conflict of interest is, in itself, enough to justify vacation.

Accordingly, it is therefore ordered and decreed that the arbitrators' award of March 1, 1971, in favor of Keystone Insurance Company is vacated and set aside and that a new panel be convened to hear the case de novo.