# United Services Automobile Association Appeal.

Argued December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Robert C. Steiger*, for appellant.

*Allen Weinberg*, for appellees.

OPINION BY SPAETH, J., April 11, 1974:

Appellees sustained personal injuries as a result of an automobile accident that they allege occurred when an unknown motorist swerved his car in front of theirs, causing them to hit a third car. The unknown motorist drove on and disappeared. The third car was insured, but appellees brought an action against appellant as their carrier under the policy's uninsured motorist clause on the theory that the unknown motorist's car was a "hit-and-run" car.[1] The case went to arbitration pursuant to a standard clause in the policy. The arbitration panel's decision was that appellees are bound by a provision of their insurance policy defining a "hit-and-run" car as one causing injury "arising out of physical contact;" since there was no allegation of any contact between appellees' car and the car appellees swerved to avoid, there was no coverage.

Appellees then filed a petition and rule to vacate the award of the arbitrators and return the matter to arbitration on the questions of fault and damages alone. Argument was heard on the motion,[2] and appellees' petition was granted.

On this appeal from that order appellant challenges both the jurisdiction of the court below and the merits of its decision. We hold that the court had jurisdiction and that its decision was correct, and therefore affirm.

## I.

The opinion of the court below makes no reference to whether it had jurisdiction, although that issue is extremely difficult. Pennsylvania courts have said repeatedly that all questions under an uninsured motorist

---

[1] The clause is reproduced at note 9, *infra*.

[2] Appellant claims that service below was defective. Because it appeared and defended on the merits, any defect of this sort was waived. Pa. R. C. P. 1032.

clause with an arbitration provision are within the exclusive jurisdiction of the arbitrators. *Allstate Insurance Co. v. McMonagle*, 449 Pa. 362, 296 A. 2d 738 (1972) ; *Nationwide Mutual Ins. Co. v. Barbera*, 443 Pa. 93, 277 A. 2d 821 (1971) ; *Preferred Risk Mut. Ins. Co. v. Martin*, 436 Pa. 374, 260 A. 2d 804 (1970) ; *Great American Ins. Co. v. American Arbitration Association*, 436 Pa. 370, 260 A. 2d 769 (1970) ; *Pennsylvania General Ins. Co. v. Barr*, 435 Pa. 456, 257 A. 2d 550 (1969) ; *Allstate Insurance Co. v. Taylor*, 434 Pa. 21, 252 A. 2d 618 (1969) ; *Merchants Mut. Ins. Co. v. Am. Arb. Assoc.*, 433 Pa. 250, 248 A. 2d 842 (1969) ; *Harleysville Mut. Ins. Co. v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968) ; *National Grange Mut. Ins. Co. v. Kuhn*, 428 Pa. 179, 236 A. 2d 758 (1968) ; *Hartford Ins. Grp. v. Kassler*, 227 Pa. Superior Ct. 47, 324 A. 2d 521 (1974) ; *Allstate Ins. Co. v. Blackwell*, 223 Pa. Superior Ct. 401, 301 A. 2d 890 (1973).

There have been instances, however, when an appellate court has taken jurisdiction over cases dealing with such clauses. *See Harleysville Mut. Cas. Co. v. Blumling*, 429 Pa. 389, 241 A. 2d 112 (1968) ; *Nationwide Mut. Ins. Co. v. Ealy*, 221 Pa. Superior Ct. 138, 289 A. 2d 113 (1972) ; *Bankes v. State Farm Mut. Auto. Ins. Co.*, 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970) ; *Ellison v. Safeguard Mut. Ins. Co.*, 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967).

It is therefore necessary to examine the cases to sort out the seemingly contradictory statements about jurisdiction. When this is done, certain consistent general principles emerge.

There have been several cases in which the insurance company has sought an injunction against arbitration. It has been consistently held that because the parties to the policy have chosen arbitration as the forum, one party cannot seek to enjoin arbitration, and all matters arising under a standard uninsured motorist clause

must go to arbitration rather than to court. *Allstate Ins. Co. v. McMonagle,* 449 Pa. 362, 296 A. 2d 738 (1972) (policy claimed to have expired six days prior to accident); *Preferred Risk Mt. Ins. Co. v. Martin,* 436 Pa. 374, 260 A. 2d 804 (1970) (claim that foster child was not covered by policy); *Pennsylvania General Ins. Co. v. Barr,* 435 Pa. 456, 257 A. 2d 550 (1969) (failure to put dollar limit on uninsured motorist coverage alleged to be mutual mistake); *Allstate Ins. Co. v. Taylor,* 434 Pa. 21, 252 A. 2d 618 (1969) (claimant alleged not to be member of policyholder's household); *Harleysville Mut. Ins. Co. v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968) (alleged that claimant had not cooperated with company in seeking litigation); *National Grange Mut. Ins. Co. v. Kuhn,* 428 Pa. 179, 236 A. 2d 758 (1968) (alleged that third party was not an "uninsured motorist" under the terms of the policy).

For the same reason the company will not be allowed to avoid arbitration by seeking a declaratory judgment. *Allstate Ins. Co. v. Taylor, supra; Hartford Insurance Group v. Kassler,* 227 Pa. Superior Ct. 47, 324 A. 2d 521 (1974) (alleged that the automobile in question was not "uninsured" as defined in the policy).

It is also settled that the proper procedure to obtain review of an arbitrator's award is not by equitable action but by petition to the Court of Common Pleas to vacate the award. *Nationwide Mut. Ins. Co. v. Barbera,* 443 Pa. 93, 277 A. 2d 821 (1971); *Great American Ins. Co. v. Am. Arb. Assoc.,* 436 Pa. 370, 260 A. 2d 769 (1970). Such a petition will not succeed, however, unless it can be shown by clear, precise, and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, or other irregularity that has caused the rendition of an unjust, inequitable, or unconscionable award. *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 299 A. 2d 585 (1973); *Press v. Maryland Cas. Co.,* 227 Pa. Superior Ct. 537, 324 A. 2d 403

(1974). This is a difficult burden. In *Fioravanti* the arbitrators decided that the carrier should be estopped to deny that the claimant was covered by the policy and refused to allow the carrier to submit a memorandum of law on the issue. This was held not to be such an irregularity as to deny the carrier a full and fair hearing, and the award was upheld. Similarly, a claimant was held not to have been denied a full and fair hearing where the arbitrators refused to hear her case because she had identified the name on the side of the truck that hit her and could presumably trace it through the fleet owner. *Smith v. Employers' Liability Assurance Corp., Ltd.,* 217 Pa. Superior Ct. 31, 268 A. 2d 200 (1970).

In the preceding cases both of the parties affirmed the language of the policy but disagreed in their interpretations of it. The principles stated apply to that situation consistently. They do not, however, necessarily apply to such a case as this one, in which the claimant alleges that one of the policy's terms offends a mandate of the state legislature.[3] Whether in such a case a different set of principles applies is a question yet to be squarely decided by our courts.

Despite the frequent references in the cases to the exclusive jurisdiction of the arbitrators, there are a

---

[3] The only case our research revealed in which the carrier sought judicial relief based on an irregularity on the face of the policy is *Pennsylvania General Ins. Co. v. Barr,* 435 Pa. 456, 257 A. 2d 550 (1969). The carrier alleged that its failure to include a dollar limit on the uninsured motorist recovery was a mutual mistake of fact and sought to enjoin arbitration. It was sent to arbitration on the policy as printed, the court holding that no mutual mistake of fact had been proved. Thus the case does not deal with the type of allegation we are discussing here, since both parties were willing to affirm the underlying clause. In any event, since virtually all insurance policies are on printed forms prepared by the insurer, it is difficult to see how the alleged defect could have been "mutual."

number of cases in which the Supreme Court or this court has taken jurisdiction.

In *Ellison v. Safeguard Mutual Ins. Co.,* 209 Pa. Superior Ct. 492, 229 A. 2d 482 (1967), the claimant filed for arbitration even though there was neither an uninsured motorist clause nor an arbitration clause in his policy. The arbitrators agreed with the claimant's position that the Uninsured Motorist Coverage Act, Act of August 14, 1963, P. L. 909, §1, as amended, December 19, 1968, P. L. 1254, No. 397, §1, 40 P.S. §2000,[4] required that such a clause be on the policy and that under a regulation promulgated by the Insurance Department an arbitration clause should also be included. The panel therefore awarded claimant damages, and a judgment was entered by the court. This court decided that to hold that the arbitration provisions were part of the contract because of the regulation would be to attribute to the legislature an unlawful delegation of power.[5] Judge HOFFMAN, joined by Judge SPAULDING, concurred in the result, but only because the lack of an arbitration clause created a jurisdictional defect which negated the award, adding, "Furthermore, I wish to express no view on the critical question of whether a *court* could read the omitted coverage into this policy. I do not believe that the insured is foreclosed by our action today from pressing his claim in a proper forum." *Id.* at 498, 229 A. 2d at 485. Since the policy itself lacked an arbitration clause, court action was not precluded by any agreement. The power of the court to hear the issue before it (*i.e.,* whether the arbitration panel had jurisdiction) was not a question.

---

[4] The Act is quoted at note 10, *infra.*

[5] It was also stated in *dictum* that the wording of the clause itself limited the arbitrable issues to negligence and damages. This reading was specifically rejected in *National Grange Ins. Co. v. Kuhn,* 428 Pa. 179, 183, 236 A. 2d 758, 759-760 (1968).

The Supreme Court has held, in *Harleysville Mutual Cas. Co. v. Blumling*, 429 Pa. 389, 241 A. 2d 112 (1968), that a standard "other insurance" clause was invalid because against the spirit of the Uninsured Motorist Coverage Act. The plaintiff in that case brought an action for a declaratory judgment against his carrier. Whether this was proper procedure is not discussed in the court's opinion, although by allowing the appeal and affirming a decision for the plaintiff on the merits it would seem that the court implicitly approved the procedure.[6]

In *Bankes v. State Farm Mutual Ins. Co.*, 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970), it was held that a clause excluding motorcycle accidents from uninsured motorist coverage was unenforceable as contrary to the purpose of the Uninsured Motorist Coverage Act. Although the policy in dispute had an arbitration clause, this court accepted jurisdiction because neither party objected. However, in *Allstate Ins. Co. v. Taylor*, 434 Pa. 21, 252 A. 2d 618 (1969), not cited in *Bankes,* the parties specifically stipulated that arbitration be stayed pending a declaratory judgment action on whether the party injured in the accident was a member of the insured's household. There the court said: "Despite the stipulation of the parties, the court below should not have entertained a declaratory judgment action. The dispute between the parties having arisen under the uninsured motorist provision of the

---

[6] In *Harleysville Mut. Ins. Co. v. Medycki*, 431 Pa. 67, 244 A. 2d 655 (1968), it is stated that the reason the procedural issue was not reached in *Blumling* was because it was not raised by either party. This explanation may be technically correct, but it does not square with repeated *dicta* that "all matters" arising under uninsured motorist coverage go to arbitration in order to spare the courts an unnecessary burden. *Cf. Allstate Ins. Co. v. Taylor*, discussed *infra*, where the court refused jurisdiction even though arbitration had been explicitly waived.

policy [, it] should have been settled by arbitration." *Id.* at 23, 252 A. 2d at 619.

Finally there is *Nationwide Mutual Ins. Co. v. Ealy,* 221 Pa. Superior Ct. 138, 289 A. 2d 113 (1972), in which the claimant succeeded in getting from the lower court a declaratory judgment that insurance companies operating in Pennsylvania may not contractually divide their uninsured motorist coverage into noncumulative policies attaching separately to the insured's individual automobiles. This court, per Judge JACOBS, distinguished *Bankes* and *Blumling* and reversed on the merits without discussing jurisdiction.

Although not clearly apparent, there is a thread that runs through this maze. *Ellison, Blumling, Bankes* and *Ealy* may seem to be exceptions to the rule that all disputes arising under an uninsured motorist clause must go to arbitration (even if arbitration is waived), but in fact they are members of a very narrow separate class of cases that is not subject to the rule at all. What was in dispute in these four cases was the validity of some part of the uninsured motorist clause. What was in dispute in the other cases that have been cited (including *Taylor*) was the application of the clause and the construction of certain words and phrases in it. Thus the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators;[7] the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable.[8]

---

[7] This is so even if both parties waive arbitration. *Allstate Ins. Co. v. Taylor, supra.*

[8] The normal procedure to raise such an issue is by petition for declaratory judgment; this is the procedure implicitly approved in *Blumling* and *Ealy.* The issue may also be raised on appeal from

In the present case appellees have attacked the "physical contact" requirement in appellant's policy as being repugnant to the Uninsured Motorist Coverage Act. The court below thus properly exercised jurisdiction.

## II.

Appellees contend that the requirement of "physical contact" in the clause defining "hit-and-run automobile" for purposes of "uninsured motorist" coverage[9] is more restrictive than is allowed under the Uninsured Motorist Coverage Act.[10] For the reasons that follow

the arbitrators' decision, as in this case. An action in equity to stay arbitration is improper, *Allstate Ins. Co. v. McMonagle, supra,* as is such an action following arbitration, *Nationwide Mut. Ins. Co. v. Barbera, supra.* Since the type of action in which a court will take jurisdiction is necessarily an attack on the policy itself, and since today the carrier always writes the policy, the carrier may never seek direct judicial determination, for to do so would be to attack the very policy it had written. The carrier could only seek a direct judicial determination where it wishes to contest a regulation or statute requiring a certain clause. In such a case it would be attacking the requirement, not its own policy.

[9] The relevant parts of the policy are as follows: "[The company] Agrees with the insured . . . To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile . . . . '[U]ninsured automobile' includes a trailer of any type and means: . . . (B) a hit-and-run automobile . . . . '[H]it-and-run automobile' means an automobile which causes bodily injury to an insured arising out of *physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile' . . . ." (Emphasis supplied.)

[10] Act of August 14, 1963, P. L. 909, §1, as amended, December 19, 1968, P. L. 1254, No. 397, §1, 40 P.S. §2000. The pertinent part of the Act reads as follows: "(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by

we have concluded that there is merit to this contention.

Faced with an identical factual situation and statute, the Supreme Court of Alabama recently struck down this clause: "The design of the statute is to protect injured persons who can prove that the accident did in fact occur and that he [sic] was injured as a proximate result of the negligence of such other motorist who cannot respond in damages for such injuries." *State Farm Fire and Casualty Co. v. Lambert,* 291 Ala. 645, 647, 285 So. 2d 917, 919 (1973). *Accord, Brown v. Progessive Mutual Ins. Co.,* 249 So. 2d 429 (Fla. 1971). This reasoning is persuasive. The Act speaks of "the protection of persons . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . ." It thus is designed to insure compensation to one who is injured through the fault of another driver from whom he cannot recover damages. "The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers." *Harleysville Mut. Cas. Co. v. Blumling,* 429 Pa. 389, 395, 241 A. 2d 112, 115 (1968). To insist on contact is not necessary so long as the claimant can prove to the satisfaction of the arbitration panel that there was indeed another car involved. While this task is certainly easier when there was contact, it

law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of 'The Vehicle Code,' act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, . . . ."

should not be made impossible simply because there was not.

We are aware that most of the jurisdictions that have dealt with this issue have decided that a physical contact clause is valid. Some of these cases have been decided within easily distinguishable statutory contexts. Certain states (in contrast to Pennsylvania) explicitly require physical contact so that a claim such as presented here could not arise. These states include California,[11] *Esparza v. State Farm Mut. Auto. Ins. Co.*, 257 Cal. App. 2d 496, 65 Cal. Rptr. 245 (1967), New York, *Motor Vehicle Accident Indemnification Corp. v. Eisenberg*, 18 N.Y. 2d 1, 218 N.E. 2d 524, 271 N.Y.S. 2d 641 (1966), and South Carolina, *Coker v. Nationwide Ins. Co.*, 251 S.C. 175, 161 S.E. 2d 175 (1968). Other cases come down hard on the words "hit-and-run" in the statute, a provision not found in the more general Pennsylvania statute.[12] *See Hendricks v. U.S. Fidelity & Guaranty Co.*, 5 N.C. App. 181, 167 S.E. 2d 876 (1969); *Prosk v. Allstate Ins. Co.*, 82 Ill. App. 2d 457, 226 N.E. 2d 498 (1967). Still other cases have defined legislative purpose mainly in terms of the possibility of fraud, deciding that this possibility is so great that the legislature could not have intended to rule out a physical contact requirement. *Phelps v. Twin City Fire Ins. Co.*, 476 S.W. 2d 419 (Tex. Civ. App. 1972); *Ely v. State Farm Mut. Auto. Ins. Co.*, 148 Ind. App. 586, 268 N.E. 2d 316 (1971); *Lawrence v. Beneficial Fire and Cas. Ins. Co.*, 8 Ariz. App. 155, 444 P. 2d 446 (1968).

---

[11] It should be noted, however, that before California added this requirement to its statute the physical contact clause in a standard policy had been held to be invalid. *Costa v. St. Paul Fire and Marine Ins. Co.*, 228 Cal. App. 2d 651, 39 Cal. Rptr. 774 (1964).

[12] The statute is substantially uniform in 35 states. *See*, Widiss, A Guide to Uninsured Motorist Coverage, §3.2., n.7 (1969).

While it would certainly eliminate the possibility of fraud to hold the physical contact clause valid, it would also eliminate any hope of recovery in cases clearly involving another negligent motorist who has avoided liability by getting away. This latter situation is surely within the contemplation of the Uninsured Motorist Coverage Act, and the possibility of fraud can be mitigated by the burden of proof placed on the claimant. Two examples of unfortunate results from other states should demonstrate this point. In *Collins v. New Orleans Public Service Inc.*, 234 S. 2d 270 (La. App. 1970), the plaintiff was a passenger on one of the defendant's buses. She was injured when the bus suddenly stopped to avoid hitting a car that had swerved in front of it. Many passengers on the bus corroborated her story, thus eliminating the possibility of fraud; but since there was no physical contact, her complaint was dismissed. In *Amidzich v. Twin City Fire Ins. Co.*, 44 Wis. 2d 45, 170 N.W. 2d 813 (1969), plaintiff found two disinterested witnesses to testify that an unidentified truck had run his car off the road. Even though the truck driver was clearly negligent, since he could not be found and since there had been no contact, the plaintiff was barred from recovery.

These cases demonstrate what can happen when a rule is adopted that is too broad for its purpose. The Pennsylvania statute is broad enough to allow recovery in situations such as those presented in *Collins* and *Amidzich*. To provide the maximum coverage consistent with avoidance of fraudulent claims, it is only necessary to require that the plaintiff prove his case. In deciding whether the plaintiff has proved his case, the arbitrators should take into account the possibility of fraud according to the particular facts of the case.

In the present case, for instance, the other driver involved in the collision might well have seen the unknown motorist's car and so have satisfied the arbitra-

tors that it was not a phantom—a clear showing that would be precluded were we to reverse the order below. As the Florida Supreme Court noted when it held a physical contact clause contrary to a statute similar to ours: "The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the [trier of fact].[13] If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover, regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless . . . ." *Brown v. Progressive Mutual Ins. Co.,* 249 So. 2d 429, 430 (Fla. 1971). If the legislature intended to "provide protection to innocent victims of irresponsible drivers," *Harleysville Mut. Cas. Co. v. Blumling, supra,* it could not also intend that the motorist faced with the decision whether to collide with another vehicle or to avoid it should choose to collide or else lose his protection.[14]

---

[13] In Florida and some of the other states cited these cases go to court rather than to arbitration.

[14] The situation in some states that requires contact or enforce contact clauses has inspired the following highly dubious counsel: "It is indeed unfortunate that an otherwise deserving insured who was injured in an effort to avoid a more serious accident may be denied recovery under the physical contact clause; but until some better clause can be devised, it appears preferable for the insured to collide rather than avoid where he himself may be injured by avoiding." Pretzel, Uninsured Motorists, §24.3A at 57-58 (1972). *Cf.* Notman, Uninsured Motorist Coverage: A Current Analysis, 55 Ill.B.J. 142, 147 (1966): "An alert, athletic pedestrian who barely manages to avoid contact with such a car by leaping through a plate glass display window receives the unkindest cuts of all for his efforts, but cannot qualify. Snubbed, too, is the driver who miraculously manages to steer his car off the highway and thus avoid a collision with an oncoming vehicle traveling in the wrong lane, but in so doing effects a rather abrupt stop against an unyielding bridge abutment. Seemingly, then, this requirement once

We therefore hold the physical contact requirement void and unenforcible as contrary to the Uninsured Motorist Coverage Act.

The order of the court below remanding the matter to the arbitration panel on the issues of fault and damages only is affirmed.

again illustrates vividly the bitter truth of that time-worn pronouncement that 'close ones only count in horseshoes.' "