**Ashbrook v. State Farm Mutual Auto & Allstates Ins. Companies**

*Arthur D. Weeks*, for plaintiffs.

*George F. Douglas, Jr.*, and *Robert J. Stewart*, of *Liverant, Senft & Cohen*, for defendants.

SHADLE, *P. J.*, December 5, 1974—These cases were argued together, involve a single issue, and will be disposed of in one opinion.

In both actions, plaintiffs sue by reason of the death of their decedent which resulted from an accident between his automobile and that of another driver who was an uninsured motorist. The car operated by plaintiffs' decedent was insured by Allstate, and decedent himself was insured by State Farm. Both policies contained coverage against damages caused by uninsured motorists, and each of them contained provisions requiring that claims under such coverage should be settled by arbitration.

The accident occurred on January 27, 1973. Plaintiffs gave notice to both defendants of their claims for coverage on June 14, 1973, and on September 10, 1973, made demand upon them for payment, requested arbitration in accordance with the terms of the policies, and advised that failure to respond within 30 days would be considered as a refusal to arbitrate and would be followed by suit. No response thereafter having been made by either defendant, plaintiffs instituted these actions in assumpsit on the policies against both defendants on November 19, 1973.

To plaintiffs' complaints, defendant Allstate filed a preliminary objection in the nature of a demurrer. Defendant State Farm filed a preliminary objection in the nature of a motion to strike off or dismiss the complaint, which we shall treat as a demurrer. The only ground alleged by both defendants is that plaintiffs' sole remedy is by arbitration and not by

an action at law. Plaintiffs argue that the failure of both defendants to respond to their request for arbitration constitutes a waiver of the right to arbitrate. They also contend that difficult legal questions regarding interpretation of the terms and extent of coverage, applicable State laws, and arbitration procedures should be decided by the court and not by arbitration.

The law relating to arbitration under an uninsured motorist insurance clause has most recently been reviewed and summarized in United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508 (1974). The court there said at pages 510-11: "Pennsylvania Courts have said repeatedly that *all questions* under an uninsured motorist clause with an arbitration provision are within the *exclusive* jurisdiction of the arbitrators." (emphasis supplied).

The present rule was summarized as follows, page 516:

". . . where the *application or construction* of the uninsured motorist clause is at issue the dispute is within the *exclusive* jurisdiction of the arbitrators [Fn. 7. This is so even if both parties waive arbitration. Allstate Ins. Co. v. Taylor . . . (434 Pa. 21 (1969))]; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative or administrative mandate, or against public policy, or unconscionable." (emphasis supplied).

It is obvious that plaintiffs here do not dispute the validity or effectiveness of the arbitration clauses. Indeed, they initially requested arbitration. Rather, they express concern only as to the construction of the clauses relating to the terms and extent of

coverage, applicable State laws, and arbitration procedures. Furthermore, the only distinct issue raised by the pleadings is whether defendants have waived the right to arbitration by failing to reply to a request therefor. As indicated by the Taylor case cited in United Services, supra, the exclusive jurisdiction of the arbitrators can not be superseded even if both parties explicitly purport to waive arbitration.

Clearly, therefore, the issue of whether defendants have, in fact, waived the right to arbitration (if, indeed, such waiver can oust arbitration), as well as the application and construction of the arbitration clauses, are part of "all questions" which are within the exclusive jurisdiction of the arbitrators. In accordance with the contracts of the parties, their rights and liabilities must be decided by arbitration and not by this court.

### ORDER

And now, December 5, 1974, the preliminary objections of both defendants are sustained, and plaintiffs' complaints are dismissed. An exception is noted on their behalf.