**Keystone Insurance Company v. Moody**

*L. S. Croce*, for petitioner.
*Stanton Berkowitz*, for respondents.

MARSHALL, *J.*, September 10, 1975—Defendants' preliminary objections are hereby sustained and plaintiff's motion for declaratory judgment, based on this court's lack of jurisdiction, is dismissed.

It is a well-established principle that where the application or construction of an uninsured motorist clause is at issue, the dispute is within the exclusive jurisdiction of the arbitrators: United Services Automobile Assoc. Appeal, 227 Pa. Superior Ct. 508, at 516, 323 A. 2d 737 (1974). Thus, the issue that arises is whether the American Arbitration Association maintains jurisdiction. The 1968 policy of Leon Moody calls for arbitration by the American Arbitration Association. It is not disputed that this arbitration clause was deleted and changed in the 1972 renewal policy of Mr. Moody. There is no dispute that a copy of this revised policy was forwarded to Mr. and Mrs. Moody in the regular course of business. The disputed question is whether Mr. and Mrs. Moody received adequate notice of this substantial change in the policy. This court is unable to find any notice to the policyholder of a change in the policy in any writing forwarded to Mr. and Mrs. Moody, including the extension certificate issued on the policy by Keystone Insurance Company.

Upon receipt of a renewal policy, a policyholder is not expected to realize that substantial changes have been made in the policy. Proper notice bring-

ing such changes to the policyholder's attention must be given. This court finds that there was inadequate and insufficient notice. Therefore, the American Arbitration Association will retain jurisdiction to hear this dispute as stated in the Arbitration Clause of the 1968 policy of Leon Moody.

The motion for declaratory judgment is hereby dismissed.