## Schmitt v. Hertz Autovermietung GMBH No. 2

Before O'Malley and E. Ross, *JJ.*

*Michael Hahalyak* and *Paul F. Laughlin*, for plaintiff.

*Scott E. Becker* and *Daniel B. Winters*, for defendant insurance company.

ROSS, E., *J.*, May 5, 1978 — This matter is before the court on reargument as requested by plaintiff on behalf of herself and of plaintiff's parents and sister who entered a special appearance for such purpose after the court's order of June 15, 1977, granted summary judgment to defendant United States Fire Insurance Company on the basis that plaintiff was not covered by defendant's policy. The court's decision will not only affect plaintiff but will also affect plaintiff's parents and sister because they are at present plaintiffs in a proceeding before the American Arbitration Association which will most probably rely on the court's ruling in this matter. The court based its prior decision on regulations issued by the Insurance Commissioner pursuant to the Uninsured Motorist Coverage Act of August 14, 1963, P.L. 909, sec. 1 et seq., as amended, 40 P.S. §2000 et seq. At the first argument the validity of the regulations was not at issue.

It is now asserted that the regulation found at 31 Pa. Code, Ch. 63, wherein a sample insurance policy contains a territorial exclusion, is invalid as being beyond the scope of authority of the insurance commissioner and not within the legislative intent of the Uninsured Motorist Coverage Act of August 14, 1963, supra, sec. 1 et seq., 40 P.S. §2000 et seq.

Plaintiff was injured in an automobile accident occurring in Nysa, Poland. She now seeks to recover uninsured motorist benefits under a policy issued by defendant wherein the following also appears: "CONDITIONS (Unless otherwise noted, conditions apply to all parts) 1. *Policy Period, territory*. This policy applies only to accidents, occurrences and loss during the policy period while the automobile is within the United States of America, its territories or possessions, or Canada, or is being transported between parts thereof."

The legislature has provided that in certain instances coverage required by the Uninsured Motorist Coverage Act of August 14, 1963, supra, does not apply. The statute states in section 1, 40 P.S. §2000:

"(e) The coverage required by this section does not apply: (1) To property damage sustained by the insured. (2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor. (3) In any instance where it would inure directly or indirectly to the benefit of any workmen's compensation carrier or to any person qualified as a self-insurer under any workmen's compensation law."

Plaintiff contends that any situation other than those described above must fall within the coverage provided by the act.

The question of the validity of a territorial exclusion under the Uninsured Motorist Act of August 14, 1963, supra, sec. 1, 40 P.S. §2000, is one of first impression in the Commonwealth. Although the issue has been raised in other jurisdictions, there is a split in authority. Both Iowa and New York have upheld this type of exclusion. See Kvalheim v. Farm Bureau Mutual Insurance Company, 195 N.W. 2d 726, 731 (Iowa 1972); American Casualty Co. v. Foster, 219 N.Y. Supp. 2d 815 (1961). California has held such a provision invalid by reason of a conflict in the California statutes: Mission Insurance Company v. Brown, 407 P. 2d 275, 276 (Calif. 1965). In Chavez v. State Farm Mutual Auto. Insurance, 87 N.M. 327, 533 P. 2d 100, 103 (1975), the Supreme Court of New Mexico held such an exclusion to be invalid.

The purpose of the uninsured motorist law is to provide protection to innocent victims of irresponsible drivers: Harleysville Mutual Casualty Co., v. Blumling, 429 Pa. 389, 241 A. 2d 112, 115 (1968).

In Bankes v. State Farm Mutual Auto. Insurance Company, 216 Pa. Superior Ct. 162, 264 A. 2d 197, 200 (1970), the Superior Court found invalid a clause excluding motorcycle accidents from uninsured motorist coverage. The Superior Court, in so doing, held that a regulation of the commissioner attempting to restrict coverage to automobiles was invalid because it was too restrictive and not within the intent of the legislature.

The court noted in Shamey v. State Farm Mutual Automobile Ins. Co., 229 Pa. Superior Ct. 215, 331 A. 2d 498, 501 (1974): "Thus, to the extent that it is

possible, an uninsured motorists clause in an insurance contract must be interpreted to effect that legislative intent, and any conditions or restrictions in the policy in derogation of that end are void as against public policy."

Thus, in United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 323 A. 2d 737 (1974), the Supreme Court held a physical contact rule to be invalid as not within the intent of the legislature. At the time such a restriction was present in the form policy noted prior herein.

As the court stated, page 518: "The Act speaks of 'the protection of persons . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . .' It thus is designed to *insure compensation* to one who is injured through the fault of another driver from whom he cannot recover damages." (Emphasis supplied.)

It has become clear that the intent of the legislature, as recognized by courts holding greater authority than this court, is to provide wide protection in uninsured motorist cases. While the question of fraud on the part of a claimant under such a nonrestrictive approach may be at issue, it has been determined that the burden of proof on claimant is sufficient to protect against the potential for fraudulent claims: United Services Automobile Association Appeal, supra.

While the court recognizes that certain hardships may be imposed on the insurer if the territorial exclusion is not valid in these instances, in terms of proving a case, the same hardship in terms of discovery, procurement of witnesses and photographic evidence must also be borne by claimant.

The court has re-examined the regulations promulgated by the commissioner in the sample

policy and has re-examined the statute. In light of the breadth of the statute involved, the explicit exclusions cited within the statute and the prior determination of the appellate courts in favor of granting almost unrestricted coverage in uninsured motorist cases, it is the opinion of this court that the regulation of the commissioner is void and the territorial exclusion in the policy invalid.

It has become clear that the public policy in Pennsylvania is strongly bent towards protecting the innocent victim of negligent drivers. This policy must inure to the benefit of the citizens of the Commonwealth wherever they may be when that unfortunate circumstance occurs.

For the reasons cited herein, the court denies the motion by defendant insurance company for summary judgment.

## ORDER

And now, May 5, 1978, upon reconsideration of the motion for summary judgment of defendant United States Fire Insurance Company, as requested in a petition for reargument of plaintiff, Marianne (Waters) Schmitt, and after reargument thereon, it is hereby ordered, adjudged and decreed that the motion for summary judgment is denied. Defendant is granted 20 days from the date of this order to file a responsive pleading to plaintiff's complaint.