## White v. Aetna Casualty and Surety Company

*Edwin P. Smith*, for plaintiff.
*David F. Kaliner*, for defendant.

GREENBERG, *J.*, September 25, 1979—This petition for declaratory judgment is before us as a result of the agreement of counsel and the litigants that we hear and decide it. See United Services Automobile Association Appeal, 227 Pa. Superior Ct. 508, 323 A. 2d 737 (1974).

Factually, on July 2, 1977, Frank White, Jr. (petitioner) was a passenger in an automobile driven by Christopher Wilder (Wilder), a Pennsylvania resident, who carried liability and uninsured motorist coverage with Aetna Casualty and Surety Co. (respondent) with a single limit coverage of $35,000. A collision occurred in New Jersey between the vehicle that petitioner was riding in and another vehicle operated by William P. Fenimore (Fenimore) who carried liability insurance with State Farm Mutual Insurance Co. (State Farm) with a limit of $15,000/$30,000. The policies of both tortfeasors were in compliance with the applicable $15,000 minimum bodily injury coverage as required by the financial responsibility laws both in Pennsylvania and New Jersey.

Petitioner and three other persons (two of whom subsequently died as a result of the collision) were injured. Respondent and State Farm contributed the full limits of their coverage, totaling $65,000. By agreement of the parties, including the carriers, petitioner was to receive 20 percent of that amount, i.e., $7,000 from respondent and $6,000 from State Farm.

For the purpose of this proceeding it is conceded that the value of petitioner's claim exceeds the amount he was to receive as his share of the settlement. It was further agreed that Fenimore and Wilder were negligent and petitioner was not contributorily negligent.

Petitioner initiated this present action to have a judicial determination as to whether that portion of respondent's policy pertaining to uninsured motorist coverage entitled him to an additional sum which would increase the award to a total of $15,000.

As established by the pleadings, we find it necessary to resolve the following issue:

Can a vehicle which carries the minimum $15,000 liability coverage as required by the Financial Responsibility Law be considered an "uninsured vehicle" within the provisions of the policy and the Uninsured Motorist Act when it is not disputed that the claims of said policy exceed the limits of coverage? Or stated more briefly, can an "underinsured" motorist be considered an "uninsured" motorist?

The insurance policy issued by respondent provides in relevant part:

"PART C-UNINSURED MOTORIST COVERAGE
"Uninsured motor vehicle means a land vehicle or trailer of any type . . . '2—to which a bodily injury liability bond or policy applies at the time of the accident but its limits for bodily injury liability is less than the minimum limit for bodily injury liability specified by the Financial Responsibility Law of the State in which your covered automobile is principally garaged."

We find that petitioner's request for declaratory relief must be denied. The uninsured motorist provision in respondent's policy cannot be read to allow petitioner's additional claims.

In Mapp v. Nationwide Insurance Co., 1 P.C.R. 532 (1978), plaintiff, a pedestrian involved in an accident, sought compensation for his injuries under the Uninsured Motorist Act of August 14, 1963, P.L. 909, as amended, 40 P.S. §2000. Although the tortfeasor carried liability insurance in compliance with the Financial Responsibility Law, 75 Pa.C.S.A. §1701 et seq., plaintiff had suffered injuries in excess of tortfeasor's $15,000 coverage. In denying plaintiff's motion in equity to compel the appointment of an arbitration panel, the court stated, at 534-535: ". . . once the offending motorist has fifteen thousand dollars of bodily injury coverage, the uninsured motorist clause of the plaintiff's policy becomes inoperative."

The Pennsylvania Superior Court reversed on other grounds but did not disturb that part of the decision. The Superior Court held that the lower court's denial of claimant's request to send the matter to arbitration was error in view of the wording of the insurance policy. Arbitrability is not an issue in the instant case. See Mapp v. Nationwide Ins. Co., supra.

In Stephen v. Nationwide Ins. Co., 2 P.C.R. 129 (1979), plaintiff, a passenger, filed a claim under the uninsured motorist coverage of her policy, asserting that her injuries supported a claim in excess of the $15,000 liability coverage carried by the tortfeasor. Plaintiff brought an action to compel arbitration. After construing the insurance policy in question (a policy similar in almost all respects

with that of respondent's), it was held that uninsured motorist coverage was not available. The case of Gorton v. Reliance Ins. Co., 77 N.J. 563, 391 A. 2d 1219 (1978), was cited with approval. This case, which dealt with a substantially identical policy provision defining "uninsured highway vehicle" and state statute, held that legislative intent mandated only minimum levels of coverage rather than an irreducible minimum sum available to every injured party under every circumstance. We agree with this reasoning. To hold otherwise would result in a situation where, no mattter what coverage a tortfeasor had, it might not be sufficient depending on the number of persons injured and the seriousness of their injuries. If this is what was intended then it must be more clearly spelled out by the legislature rather than by judicial decision.

While there may be a minority of states which have held otherwise, the majority of jurisdictions, including Pennsylvania, have never interpreted the Uninsured Motorist Law so as to equate "uninsured" with "underinsured." See also Prudential Property and Casualty Ins. Co. v. Pont (Slip opinion, E.D.Pa. C.A. No. 78-3331, filed June 22, 1979, opinion by VanArtsdalen, *J.*); Safeco Ins. Co. v. Wetherill (Slip opinion, E.D.Pa. C.A. No. 79-2009, filed June 27, 1979, opinion by Cahn, *J.*).

Accordingly, we conclude that petitioner is not entitled to uninsured motorist coverage.

## ORDER

And now, September 25, 1979, the petition for declaratory relief is dismissed and it is ordered that petitioner is denied coverage under the provisions of respondent's uninsured motorist coverage.