**Werner v. Aegis Security Insurance Co.**

*Gary D. Monaghan,* for petitioners.
*Warren D. Ferry,* for respondent.

FRANKS, *J.,* January 4, 1990 —This case is before this court on a petition to correct award of arbitrators. After a careful review of the applicable law, we hereby deny the requested relief.

## STATEMENT OF FACTS

Petitioners, Wayne and Carole Werner, were insured on July 4, 1986, under the provisions of a motorcycle insurance policy issued by respondent, Aegis Security Insurance Company. The policy provided for uninsured motorist coverage in the amount of $15,000 per accident and $30,000 per occurrence.

On that date Wayne and Carole Werner were attending a picnic at Ohiopyle State Park. As they attempted to leave the park on their motorcycle, a verbal confrontation arose between the Werners and an Andrew King. Mr. King then apparently shifted his uninsured vehicle into reverse and intentionally collided with the motorcycle on which Wayne Werner was seated. As a result of the collision, the motorcycle fell on Mr. Werner, causing bodily injury.

Mr. Werner submitted a claim for uninsured motorist benefits. The claim was denied. An arbitration hearing was held on December 18, 1987, after which the arbitrators in their written opinion found that the injuries sustained by Mr. Werner resulted from an intention tort and did not arise from an "accident" as required by the policy of insurance. The arbitrators thus entered an award in favor of Aegis and against the Werners.

Petitioners then filed the instant petition, setting forth in paragraph 10 their reasons why corrective relief should be granted:

"(10) Your petitioners aver that the arbitrators exceeded their powers and the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment not withstanding the verdict because:

"(A) The arbitrators exceeded their powers by inferring that the uninsured motorist acted intentionally in causing the collision;

"(B) The arbitrators exceeded their powers in reaching the aforesaid conclusion in that same is not supported by the evidence and is contrary to law;

"(C) The arbitrators exceeded their powers in concluding that intentional acts were not covered by the instant policy of insurance, specifically, its uninsured motorist endorsement;

"(D) The arbitrators exceeded their powers in concluding that petitioner's injuries and damages did not arise as a result of an 'accident' as that term is intended under said policy of insurance;

"(E) The arbitrators exceeded their powers in that their decision is against the evidence, the weight of the evidence and is contrary to the law."

We now address the merits of the instant petition.

## DISCUSSION

The policy of insurance entered into between petitioners and respondent directs that controversies arising under the policy be submitted to arbitration in accordance with the provisions of the Pennsylvania Uniform Arbitration Act (42 Pa.C.S. §7301 et seq.). That act became law in 1980 and outlines when courts may intervene and alter the award of the arbitrators.

There appears to be some initial confusion as to the precise relief petitioners are seeking and which sections of the Pennsylvania Uniform Arbitration Act apply. In their motion to correct award of arbitrators, petitioners request that we *correct* the award granted by the arbitrators. Correction of an

award falls under 42 Pa.C.S. §7315 and permits us to alter an award in the following limited circumstances:

"(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award.

"(2) The arbitrators awarded upon a matter not submitted to them. . .

"(3) The award is deficient in a matter of form, not affecting the merits of the controversy."

However, in their brief in support of the motion to correct award of arbitrators, petitioners ask us to *vacate* the award. Vacating an award is governed by section 7314 and reads as follows:

"(a) *General Rule* —

"(1) On application of a party the court shall vacate an award where:

"(i) the court would vacate the award under section 7341 (relating to common-law arbitration) if this subchapter were not applicable;

"(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

"(iii) the arbitrators exceeded their powers;

"(iv) the arbitrators refused to postpone the hearing upon good cause being shown. . .; or

"(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration). . .

"(2) The fact that the relief awarded by the arbitrators was such that it could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award."

Clearly, petitioners are not entitled to corrective relief under section 7315. Petitioners do not allege that the arbitrators miscalculated the figures, that they ruled on a matter not submitted to them, or that the award was deficient in form. A review of the record does not reveal any such mistakes on the part of the arbitrators.

The other section, that is section 7314 of the Pennsylvania Uniform Arbitration Act, likewise permits the alteration of an arbitrators' award in very limited circumstances. The only subsection which would potentially apply to petitioners is section 7314(a)(1)(iii), which pertains to arbitrators exceeding their powers.

From a review of the record and the arbitrators' written opinion, we conclude they did not. The arbitrators were called upon to determine whether the term "accident" included intentional acts. Since the term was not defined in the policy of insurance, the arbitrators stated they looked to the intent of the drafters of the Uninsured Motorist Act (40 P.S. §2000) when they promulgated the statutory provisions pertaining to insureds injured by operators who are uninsured. They reasoned that the intent of the Uninsured Motorist Act is to provide protection for injured parties so that they would have the same protection as if they had been injured by an insured motorist. However, recovery under the uninsured Motorist Act for an intentional tort would entitle an injured party to more protection than if the claimant had been injured by an insured driver. Thus an award in favor of the instant petitioners would violate the intent of the Uninsured Motorist Act.

Additionally, the arbitrators engaged in a review of the laws of other jurisdictions since they found no Pennsylvania case law directly on point. Their conclusion was that the uninsured motorist provisions

of the policy in question did not cover injuries caused by intentional torts.

Furthermore, this court is admonished under section 7314(a)(2), pertaining to the vacating of awards by courts, that even if we were inclined to decide this issue differently, we could not do so.

Petitioners also utilize a public policy argument to attempt to gain access to this court. The Superior Court in *United Services Automobile Association Appeal,* 227 Pa. Super. 508, 516, 323 A.2d 737, 741 (1974) held that:

"[W]here the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to a constitutional, legislative or administrative mandate or unconscionable. . ."

We recognize that we have the power to review an arbitrators' decision when it contravenes public policy, but we do not believe that instant case warrants such a review. Petitioners do not allege with any specificity how the arbitrators' determination conflicts with public policy and do not point to any specific *clause* within the insurance policy itself which violates public policy, as required by the *United Services* court. In fact, we view disputes such as this as classic examples of the types of issues arbitration boards are particularly well-suited to decide. We, therefore, deny the petition to correct award of arbitrators.

## ORDER

And now, January 4, 1990, it is adjudged, ordered, and directed that the petition to correct award of arbitrators is hereby denied.