## Nationwide Mutual Insurance Company, Appellant, *v.* Ealy.

Argued November 10, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*Cosmos J. Reale,* for appellant.

*J. Cris Soich,* with him *Stokes, Lurie & Tracy,* for appellees.

OPINION BY JACOBS, J., March 24, 1972:

This appeal involves a construction of Pennsylvania's uninsured motorist law, Act of August 14, 1963, P. L. 909, *as amended,* 40 P.S. §2000. Specifically, we are called upon to decide whether insurance companies operating in Pennsylvania may contractually divide their uninsured motorist coverage of an insured into noncumulative policies attaching separately to the insured's individual automobiles. Appellant, Nationwide Mutual Insurance Co., contends that the coverage may be so divided, while appellees, the Ealys, take the position that the above-cited act entitles them to cumulate the individual coverages on each of their automobiles.

The present appeal arises out of an automobile accident between the appellees and an uninsured motorist. The appellees, who suffered bodily injuries as a result of the accident, filed a claim with appellant seeking compensation for their injuries in excess of $20,000. At the time of the accident five separate policies of insurance issued by appellant were in effect, covering each of the five vehicles owned by appellee Arthur Ealy, the principal named insured. Each policy insured against an accident with an uninsured motorist and provided for coverage of all the appellees as relatives resident in the same household as Arthur Ealy. The coverage limit provided in each of the policies was $10,000 for any one person and $20,000 for any one accident, in accordance with the minimum standards set by law.

Each of the five policies named one of Ealy's five vehicles as the insured vehicle in the policy, and each policy expressly excluded from uninsured motorist coverage the other vehicles owned by Ealy. Notwithstanding this contractual language, appellees argued below that the above-cited uninsured motorist act permits them to cumulate the individual coverages in each of the policies, affording them a total possible coverage of $100,000 for any one accident. Appellant, on the other hand, contended that appellees' coverage was limited to the $20,000 specified in the policy on the one automobile belonging to Ealy which was actually involved in the accident.

The lower court entered a declaratory judgment in favor of appellees, declaring that they were entitled to recover on all five insurance policies to the extent of the damages they sustained or the combined limits of coverage of the policies, whichever amount is the lesser.

The relevant portion of the uninsured motorist law provides as follows: "No motor vehicle liability policy

of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time . . . under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . ." 40 P.S. §2000(a).

The above-quoted act has as its purpose the protection of innocent victims from irresponsible drivers. *Harleysville Mut. Cas. Co. v. Blumling*, 429 Pa. 389, 241 A. 2d 112 (1968). The primary thrust of the act is to insure that the innocent victims are not left completely uncompensated. Accordingly, insurance companies are required to provide at least minimal uninsured motorist coverage for their insureds. However, nothing in the act authorizes insureds to cumulate their individual coverages in order to exceed the minimum coverage required by law. Since in the present case the appellees contractually agreed not to cumulate the coverages on their five vehicles, and since they will still be afforded recovery on one of the policies in compliance with the minimum standards set by the state, we find that they cannot recover on the other four policies covering the vehicles not involved in the accident.

Two previous Pennsylvania cases have involved interpretations of the same portion of the act which is presently in issue. *Harleysville Mut. Cas. Co. v. Blum-*

*ling,* supra; and *Bankes v. State Farm Mut. Auto. Ins. Co.,* 216 Pa. Superior Ct. 162, 264 A. 2d 197 (1970). The result in both cases was the voiding of a liability-limiting clause in an insurance policy as repugnant to the act. However, the cases are distinguishable from the present one. In both *Blumling* and *Bankes* the insured had paid premiums for his uninsured motorist coverage, but stood to receive either nothing or less than the minimum set by the act from such payment because of the insurer's inclusion in the policy of a clause unduly limiting its liability.

In *Blumling,* the insurer attempted to prevent its insured from recovering on his policy except to the extent that his coverage exceeded the amount recovered on any other applicable policy, which in that case included a policy in the name of insured's employer whose truck he had been driving. Our Supreme Court held that the insured had paid his premiums and therefore was entitled to full recovery on his own policy so long as his total recovery did not exceed his actual loss.

In *Bankes,* the insurer refused to compensate its insured for injuries caused by an uninsured motorist because the insured, at the time of his accident, was operating his motorcycle instead of his automobile, which was listed on his policy as the insured vehicle. Believing that the uninsured motorist law was not intended to preclude the insured from any recovery at all, we held that the clause in the policy excluding from coverage any unlisted insured-owned "land motor vehicle" was too broad an exclusion and therefore void. We further noted that the Pennsylvania Insurance Commissioner had authorized the more limited exclusion of an unlisted, insured-owned "automobile", instead of "land motor vehicle". We questioned, but did not decide, whether the Commissioner could prop-

erly authorize this exclusion. We now decide, under the circumstances of the present case, that such an exclusion is not contrary to the uninsured motorist law and is, therefore, valid.

Our upholding of the exclusion in question does not bar the appellees from recovery on their policy covering the car involved in the accident. It merely prevents them from additionally recovering on their other four policies in contravention of the policies' exclusionary terms. This situation is distinguishable from those of *Blumling* and *Bankes* wherein the insureds would have been denied any recovery at all on their policies had the liability-limiting clauses been permitted to stand.

The repugnant clause in *Blumling* provided the insured with less than the minimum uninsured motorist coverage required by the act. This limitation in itself was in contravention of the act and the fact that insured was a beneficiary of his employer's policy was important only as it pinpointed the repugnancy of the excess insurance clause. In *Bankes* the exclusionary clause in itself denied the insured uninsured motorist coverage contrary to the act. We see nothing repugnant to the act in the clause presently in question. Under each policy the insured is given the full protection required by the act. There is nothing in the policy itself which gives the insured less insurance than the act requires as there was in *Blumling* and *Bankes*. Thus, neither *Blumling* nor *Bankes* is authority for the decision below. We find nothing repugnant to the wording or spirit of the act in the exclusion against cumulating contained in this policy.

Judgment reversed and hereby entered for appellant, petitioner below.

HOFFMAN, J., dissents.