**Guerriero, Adm'x., v. Potomac Ins. Co. (No. 1)**

*Ambrose Campana,* for plaintiff.
*John C. Gault,* for defendant.

RAUP, *J.,* November 13, 1974—Defendant's preliminary objections, which are now before the court, assert that (1) plaintiff's claim is excluded from coverage by the terms of the insurance policy in question; and (2) in the alternative, if the court finds that coverage exists, the court lacks jurisdiction to handle the matter in view of the mandatory arbitration provisions contained in the insurance policy.

## ARBITRATION ISSUE

The court will first consider the arbitration issue. Part IV of the policy, which deals with protection against uninsured motorists (the portion of the policy which is the subject of this litigation), contains the following arbitration provisions:

"Arbitration

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the

amount of payment which may be owing under this Part, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this Part."

The pleadings indicate that plaintiff demanded arbitration in accordance with the terms of the policy, but defendant insurance company, asserting that there was no uninsured motorist coverage because of the exclusion provision of the policy, refused to submit the matter to arbitration.

All questions of *law* and fact arising under the uninsured motorist provisions of a policy are included in the mandatory arbitration provisions of a policy such as this: Allstate Insurance Co. v. McMonagle, 449 Pa. 362 (1972). In spite of defendant's refusal to submit the coverage issue to arbitration, plaintiff could have chosen to insist on arbitration of that issue as well as any other issues involved in its claim. However, defendant's argument that the court must refer the coverage issue to arbitration at this point in this case, is not well taken. In the McMonagle case as well as in National Grange Mutual Ins. Co. v. Kuhn, 428 Pa. 179 (1968), cited by defendant, the plaintiff-insured had elected to proceed with arbitration and in each case the insurance company sought to enjoin arbitration on the ground that the legal issue involved could not be resolved at arbitration. The Supreme Court in each case rejected the insurance

company's argument and required disposition by arbitration. In this case, however, plaintiff has elected to treat the insurance company's refusal to arbitrate as a waiver or renunciation of that provision of the insurance policy and has decided to pursue her remedy at law. The court considers that the matter is therefore properly before the court.

## COVERAGE ISSUE

The agreed facts relating to the coverage issue are these: plaintiff's decedent was killed as a result of an automobile accident which occurred on March 2, 1973. Plaintiff brings this action under the uninsured motorists provision of the policy in existence between decedent and his insurance company—defendant—at the time of the accident. Decedent's insurance policy listed two automobiles as covered therein, a 1963 Buick and a 1965 Mustang. While the policy was in effect, decedent, in 1972, bought a 1959 Pontiac sedan. Two months later, the old policy was renewed but decedent made no effort to add the Pontiac to the vehicles listed in the policy. The accident occurred after the renewal date. Defendant asserts that the following language of the policy excludes coverage under the uninsured motorist provisions where the insured's claim occurs while the claimant is operating an owned but unlisted automobile:

"This policy does not apply under Part IV:

"(a) *to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured* or a relative, or through being struck by such an automobile: . . . " (emphasis added).

The policy defines insured automobile as:

"(a) an automobile described in the policy for which a specific premium charge indicates that coverage is afforded.

"(b) a private passenger, farm or utility automobile, ownership of which is acquired by the named insured during the policy period, provided

"(1) it replaces an insured automobile as defined in (a) above, or

"(2) the company insures under this Coverage all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make the Liability and Uninsured Motorist Coverages under this and no other policy issued by the company applicable to such automobile: . . ."

It is clear that the policy language on its face would exclude decedent's claim from the uninsured motorist coverage inasmuch as he was operating an owned but uninsured automobile at the time of the accident. The question presented to the court is whether the exclusionary provision may be given effect by the court.

Both parties acknowledge that the uninsured motorist provision would apply if decedent had been killed while a passenger in an automobile operated by an individual who did not have liability insurance, or if the decedent-insured was operating an unowned (borrowed) vehicle at the time of the accident. This being so, an insured would have no logical reason to anticipate that his uninsured motorist coverage would be excluded if he were operating or simply occupying an owned uninsured automobile at the time of injury. And the court notes that it is a matter of common experience that

vehicles of the vintage of that involved here (a 1959 model at the policy renewal date of October, 1972), are often not listed as insured for practical reasons; i.e., with respect to collision coverage claims, market value does not greatly exceed policy deductible limits.

The Supreme Court of Pennsylvania in Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389 (1968), recognized that the purpose of the Uninsured Motorist Act of August 14, 1963, P.L. 909, as amended, 40 PS §2000, is to provide protection for innocent victims of uninsured drivers. The Supreme Court also stated that the act must be liberally construed in order to achieve this legislative intent.

In Bankes v. State Farm Mutual Auto. Ins. Co., 216 Pa. Superior Ct. 162 (1970), the Superior Court allowed recovery in a situation closely akin to the one before this court. There the driver was operating an owned but unlisted motorcycle when he was struck and killed by an uninsured motorist. The court in Bankes stated, through dictum, that the intent of the legislature was "to extend uninsured motorist coverage even to individuals *occupying uninsured automobiles.*"

Defendant contends that the dictum of the Bankes decision was overruled in Nationwide v. Ealy, 221 Pa. Superior Ct. 138 (1972), where the Superior Court seemed to indicate that an exclusion clause similar to that involved in this case is not prohibited by the Uninsured Motorist Act. The Ealy case dealt with an insured who had five separately insured automobiles, all with Nationwide and each containing a $10,000./$20,000. uninsured motorist provision. Insured's total claim arising from an accident exceeded $20,000., and he argued that he should be able to cumulate the indi-

vidual coverages in each of the policies despite an exclusion in each policy which on its face prohibited such cumulating. The Ealy Court distinguished both Blumling and Bankes on the theory that the insured in those cases "had paid premiums for his uninsured motorist coverage, but stood to receive either nothing or less than the minimum set by the act from such payment because of the insurer's inclusion in the policy of a clause unduly limiting its liability": Id. at page 142.

The Ealy decision does not purport to preclude recovery in the present situation; at page 143, the Superior Court noted that the exclusionary clause merely prevented the insureds in that case "from additionally recovering on their other four policies in contravention of the policies' exclusionary terms." Again the court reiterated that in Blumling and Bankes "the insureds would have been denied any recovery at all on their policies had the liability-limiting clauses been permitted to stand."

To give the exclusionary clause effect in this case would be to deny plaintiff's decedent any recovery at all; to provide a windfall for defendant; and to ignore the Supreme Court's mandate that the act be liberally construed.

While the coverage issue is determined by the following order, the parties may mutually agree to return to arbitration for resolution of the remaining issues. If the absence of such agreement this case will proceed as in any other civil suit.

## ORDER

And now, November 13, 1974, defendant's preliminary objections are denied. Defendant shall have 20 days from the date of this order in which to file an answer.