## Insurance Co. of North America v. Strothers

*Robert R. Reeder*, for plaintiff.
*David M. Rosenfield*, for defendants.

GREENBERG, *J.*, April 9, 1975—Defendant, Eloise Strothers, was severely injured when she was struck by an uninsured motor vehicle while a pedestrian. At the time of the accident, defendant's husband had in effect two separate automobile insurance policies issued by plaintiff. These policies provide for the arbitration of "only the question or questions of legal liability and/or damages that are

in dispute" under the uninsured motorist provision. Each policy also contains an "other insurance" clause that requires the insured, if he carries other auto insurance with plaintiff covering the same loss, to elect which of the policies shall apply, thereby limiting his coverage to that provided by the policy elected.

Defendants have filed a claim under the uninsured motorist provisions of both of the policies for a sum in excess of the maximum available under any one policy. To resolve this dispute, the parties have each chosen one arbitrator and the court has appointed Alfred Marroletti, Esquire, as the third arbitrator. Before arbitration commenced, plaintiff instituted the within suit in equity to enjoin the arbitration panel from deciding the issue of whether defendants may accumulate the coverage in the two separate policies and to have the court rule that plaintiff is liable to defendants on only one policy.

On January 28, 1975, we issued a preliminary injunction against the arbitration panel restraining it from considering or deciding the issue of accumulation of coverages. At the same time we held that defendants are not limited to an election of one of the policies and that there may be "stacking" in this case, provided, of course, that the award does not exceed the actual loss suffered by defendants as found by the arbitration panel from the credible evidence produced at the hearings. Plaintiff has appealed from this order.

It is clear that the validity of an "other insurance" clause limiting recovery under the uninsured motorist provisions of an insurance policy depends upon whether that clause is consistent with the uninsured motorist protection required by the Act

of August 14, 1963, P.L. 909, 40 PS §2000: Harleysville Mutual Casualty Co. v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968); Nationwide Mutual Ins. Co. v. Ealy, 221 Pa. Superior Ct. 138, 289 A. 2d 113 (1972). The act provides in part:

"(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 of article XIV of 'The Vehicle Code,' act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom . . ."

The intent of this statute is "to give monetary protection to that ever-changing and tragically large group of persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others.": Harleysville Mutual Casualty Co. v. Blumling, supra, at 395. The statute, therefore, requires a broad and liberal construction to effectuate this legislative policy: Johnson v. Concord Mutual Ins. Co., 450 Pa. 614, 300 A. 2d 61 (1973); Pattani v. Keystone Ins. Co., 426 Pa. 332, 231 A. 2d 402 (1967). Conversely, any provisions in a policy which detract from the public policy considerations

underlying the statute must be narrowly and strictly construed. Cf. Johnson v. Concord Mut. Ins. Co., supra.

The case of Nationwide Mutual Ins. Co. v. Ealy, supra, upon which plaintiffs rely, is not inconsistent with this approach to the uninsured motorist statute. In Ealy, the court held that an "other insurance" clause which *expressly* excluded cumulating the uninsured motorist coverage on the other vehicles owned by the insured was not in violation of the statute: American Arbitration Assn. Award, 225 Pa. Superior Ct. 442, 311 A. 2d 668 (1973). An express exclusion specifically referring to uninsured motorist coverage can meet the test of narrow and strict construction. Such is not, however, the case with the clause involved in this action.

Here the clause relied upon to limit defendants' recovery is not an express exclusion clearly applicable to uninsured motorist coverage but a general provision included at the end of the policy and covering any loss arising under the policy.[1] Therefore, not being an express prohibition on aggregation of uninsured motorist coverage, the clause does not

---

1. The clause in question reads:

"Other Insurance in This Company

"If the Named Insured carries other automobile insurance with this Company covering a loss also covered by this policy, the Insured must elect which policy shall apply, and the Company shall be liable under the policy so elected, but shall not be liable under any other such policy. If more than one Insured is required to elect, they must agree to elect the same policy. If any Insured fails to elect within 20 days after being notified of the requirement to elect, he shall have waived his right to elect to the Company."

fall within the ambit of Ealy and must be narrowly construed so as not to apply to uninsured motorist coverage.

Further, if this clause is applied to defendants' uninsured motorist coverage under the facts present here, the effect would be to eliminate the uninsured motorist coverage under one of the policies in obvious violation of the State requirement that no policy of insurance shall be delivered or issued without such coverage. Bryant v. State Farm Mutual Automobile Ins. Co., 205 Va. 897, 140 S.E. 2d 817 (1965); Sellers v. U.S. Fidelity & Guaranty Co., 185 So. 2d 689 (Fla. 1966). (Both cases cited with approval in Blumling, 439 Pa. at p. 394.) The Supreme Court clearly prohibited such a result in Blumling when it said (at p. 395):

"We do hold, however, as did the court in Sellers, supra, that where the loss exceeds the limits of one policy, the insured may proceed under other *available* policies up to their individual limits or to the amount of actual loss." (Emphasis added.)

Since there is no effective limitation on cumulating uninsured motorist coverage and in view of the fact that defendant was in neither of the insured vehicles at the time she was injured and, therefore, there is nothing to identify her loss with one policy rather than the other, we find that both of the policies issued by plaintiff are available to defendants up to the limits or to the extent of the actual loss.