385 A.2d 987

**Michael WILBERT, Martin Wilbert, and Tammy Wilbert, minors, by Edward J. Wilbert and Judith T. Wilbert, his wife, their parents and natural guardians, and Edward J. Wilbert and Judith T. Wilbert, his wife, Individually**

**v.**

**The HARLEYSVILLE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 8, 1976.

Decided April 13, 1978.

---

218

Frederick W. Andrews, Harrisburg, for appellant.

Franklin Lee Shipman, Harrisburg, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On July 29, 1972, Judith T. Wilbert, operating an automobile registered in her name, was involved in an accident with an automobile driven by an uninsured motorist. Three Wilbert children were with their mother; mother and children were all injured.

On the date of the accident a family combination automobile policy was in effect, issued by The Harleysville Mutual

Insurance Company to Edward J. Wilbert, husband of Judith. Mr. and Mrs. Wilbert filed a claim under the uninsured motorist coverage clause of the policy, individually and on behalf of their three children. Harleysville denied coverage on the ground that the automobile owned and operated by Mrs. Wilbert was not listed in or insured by the policy, and that the claim was therefore barred by the following provision:

> Exclusions. This policy does not apply under Part IV ["Protection Against Uninsured Motorists"]:
>
> (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;

. . . . .

The Wilberts petitioned the lower court for declaratory judgment,[1] arguing that the exclusion was in violation of the Uninsured Motorist Act[2] and of the rules and regulations adopted and promulgated by the Insurance Commissioner pursuant to the Act. The lower court agreed and granted the petition, thereby holding that the Wilberts were entitled to coverage. Harleysville filed this appeal. We affirm.[3]

–1–

Harleysville is correct that the Wilberts are not entitled to coverage under the policy as issued. To repeat the exclusion (with interpolations):

This policy does not apply . . . . .

1. Uniform Declaratory Judgments Act, Act of June 18, 1923, P.L. 840, as amended, 12 P.S. § 831 *et seq.*

2. Act of Aug. 14, 1963, P.L. 909, as amended, 40 P.S. § 2000.

3. Generally, a case turning on the application or construction of an uninsured motorist clause is within the exclusive jurisdiction of the arbitration system. *United Services Automobile Ass'n Appeal,* 227 Pa.Super. 508, 323 A.2d 737 (1974). However, the lower court's adjudication of necessity reached (as ours must reach) appellees' claim that a particular provision of the clause is contrary to a *constitutional, legislative, or administrative mandate.* For this reason the case was properly before the lower court. *Id.*

(a) to bodily injury to an insured [Judith Wilbert and the children] while occupying an automobile (other than an insured automobile) owned by the named insured [Edward Wilbert] or a relative [Judith Wilbert] . . .

Here Judith and the children were occupying an automobile that had both of the characteristics of an automobile not covered by the policy: first, it was an automobile "other than an insured automobile," *i. e.*, it was not named in the policy; and second, it was an automobile "owned by a relative [of the named insured]," *i. e.*, by Judith, Edward's wife.

–2–

The foregoing, however, does not end the matter, for it is necessary to ask: As issued, was Harleysville's policy valid?

The rules and regulations adopted and promulgated by the Commissioner provide:

The extent of the coverage which shall be offered as "uninsured motorist coverage" shall be *at least* that coverage contained in the sample form attached hereto as Exhibit C and made a part of this regulation, which is the national standard form for this insurance.

31 Pa.Code § 63.2 (emphasis added).

The sample form referred to provides:

This endorsement does not apply:

. . . . .

(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile, *but this exclusion does not apply to the principal named insured or his relatives while occupying or if struck by an automobile owned by an insured named in the schedule or his relatives* ;

. . . . .

*Id.*, Exhibit C at 184 (emphasis added).

It will be observed that Harleysville omitted the empha-
sized clause from its policy. This omission, however, is not
by itself enough to show that the policy is invalid. Even
though the policy does not exactly match the Commissioner's
sample form, if the policy as applied to this case nevertheless
has the same effect as the form, it should not be held in
violation of the regulations under which the form was
promulgated.

It is arguable that under the terms of the Commissioner's
sample form Judith and the children are excluded—as they
are excluded under Harleysville's policy. The argument
might go as follows:

The Commissioner's sample form consists of two clauses,
the first clause being an exclusion, the second clause being
an exclusion from that exclusion. Under the first clause
Judith and the children are excluded, for they were occupy-
ing an automobile "other than an insured automobile", and
"owned by . . . any relative [of the named insured]."
The question is therefore whether under the second clause
coverage is restored to Judith and the children.

The second clause, with interpolations, reads as follows:
"[The exclusion of the first clause] does not apply to the
principal named insured [Edward] or his relatives [Judith
and the children] while occupying . . . an automobile
*owned by an insured named in the schedule or his relatives.*"
Here the automobile was owned by Judith. Is she "an
insured named in the schedule"? If she is, the terms of the
second clause have been met, and coverage is restored. If
she is not, the terms of the second clause have not been met,
and coverage is not restored.

There is no point in pretending that the meaning of the
term, "an insured named in the schedule," is clear. How-
ever, it seems likely that by it the Commissioner meant to
refer to a "designated insured." This is suggested by com-
paring the Commissioner's sample form with the more com-
monly used form, which provides that uninsured motorist
coverage does not apply:

(b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured or through being struck by such a vehicle but this exclusion does not apply to the named insured or his relatives while occupying or if struck by a highway vehicle owned by a designated insured or his relatives.

*See* P. Pretzel, *Uninsured Motorists* 30–32 (1972). Furthermore, in the definitional section of the Commissioner's form it is said:

"insured" means:

(1) the named insured as stated in the policy . . . and any person *designated as named insured in the schedule*

. . . . .

31 Pa.Code § 63.2, Exh. C, at 182 (emphasis added).

If this reasoning is accepted, it follows that Judith and the children are excluded under the Commissioner's sample form. They are excluded under the first clause. The second clause, with interpolations, reads: "[The exclusion of the first clause] does not apply to the principal named insured [Edward] or his relatives [Judith and the children] while occupying . . . an automobile owned by *an insured named in the schedule* [which is to be construed as meaning by *a designated insured* ] or his relatives." Judith was not a "designated insured". Therefore the automobile she and the children were occupying was not owned "by a designated insured or his relatives." Therefore the terms of the second clause were not met, and coverage was not restored to Judith and the children.

–3–

Even this conclusion does not end the matter, for now it is necessary to ask: Did the Commissioner have the power to issue his sample form (as just construed)?

In *Bankes v. State Farm Automobile Insurance Co.*, 216 Pa.Super. 162, 264 A.2d 197 (1970) (WATKINS, JACOBS, and SPAULDING, JJ., dissenting), *allocatur refused*, we reviewed the legislative history of the Uninsured Motorist Act, as it was amended in 1968, as follows:

The uninsured motorist act was recently amended by Act No. 397 of 1968 which became effective January 1, 1969. When this amendment was enacted, most uninsured motorist policies contained three exclusions similar to the ones contained in State Farms policy here. They excluded coverage if:

1. The insured settles with the third party;

2. The insured is occupying an uninsured automobile owned by the insured; or

3. Benefits inure directly or indirectly to any workmen's compensation fund.

Senate Bill 961, which was the bill from which the amendment was ultimately taken, contained each of these exclusions. In particular, it contained exclusion 1(e)(4) which corresponded to exclusion 2 above and which provided that the coverage required by the act does not apply "[t]o bodily injury sustained by the insured while in or upon or while entering into or alighting from a motor vehicle other than an automobile described in the insurance policy of insurance . . . if the injured insured is the owner of such other automobile." Thus, this proposal sought to include the disputed exclusion 2 above within the amended statutory framework. Yet while exclusions 1 and 3 above were specifically included in the 1968 statutory amendment, exclusion 2 was stricken and not adopted by the legislature. There thus appears a definite legislative intent to . . . extend uninsured motorist coverage even to individuals occupying uninsured automobiles.

216 Pa.Super. at 167–68, 264 A.2d at 199.

This statement was *dictum*, as the decision in *Bankes* turned on an impermissible broadening by a *carrier* of the exclusion allowed by the Commissioner. We now hold that even the *Commissioner's* exclusion (as we have construed it) was

impermissible. As *Bankes* pointed out, the legislature evidently intended that there should be coverage when "[t]he insured is occupying an uninsured automobile owned by the insured." Here "the insured [Judith and the children]" were occupying an uninsured automobile" "owned by the insured." [4] Thus, by excluding Judith and the children by his sample form the Commissioner has acted contrary to legislative intent. An administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provision to which the regulation relates. *Xerox Corp. v. City of Pittsburgh*, 15 Pa.Cmwlth. 411, 417, 327 A.2d 206, 210 (1974).[5]

We are supported in this conclusion not only by the legislative history of the Uninsured Motorist Act, but also by the fact that "a distinct majority of the jurisdictions in which the issue has been resolved"[6] have held similar exclusions violative of the purpose of the uninsured motorist statutes. *See especially Mullis v. State Farm Mutual Automobile Insurance Co.*, Fla., 252 So.2d 229 (1971); *see also* cases cited in *Widiss, supra* note 5, § 2.9 n. 3.

 Harleysville has pointed out that the Wilberts are being afforded coverage for which they have not paid a

**4.** Since the automobile was owned only by Judith, and not by Judith and the children, it might be suggested that the legislative history discussed in *Bankes* does not support the conclusion reached here, *i. e.*, that the legislature intended that coverage should extend not only to Judith but to the children. As a matter of common sense, however, the decision that coverage should extend to Judith (despite her failure to buy coverage) means that it should also extend to the children (who did not have either the obligation or ability to buy coverage).

**5.** We agree with President Judge JACOBS, concurring, that this opinion should be read as in harmony with *Nationwide Mut. Ins. Co. v. Ealy*, 221 Pa.Super. 138, 289 A.2d 113 (1972), and that the Commissioner's exclusion clause is herein held invalid only as it affects a factual situation like the one in this case. *See also Adelman v. State Farm Mut. Auto. Ins. Co.*, 255 Pa.Super. ——, 386 A.2d 535 (1978). It would seem, however, that revision of the clause would be helpful if these distinctions are to be clear.

**6.** A. Widiss, a Guide to Uninsured Motorist Coverage § 2.9 (1969) (Supp.1976).

premium. This argument is answered by our decision in *Bankes.* There, notwithstanding that the insured had paid a premium only for uninsured motorist coverage that excluded "bodily injury to an insured occupying . . . a land motor vehicle owned by the named insured . . . if such vehicle is not an insured automobile," we held that the coverage must extend to injuries suffered by the insured while riding an uninsured motorcycle. Furthermore, in that we have held that the policy underlying the Uninsured Motorist Act required Harleysville to furnish coverage to the Wilberts in the circumstances of this case, a contract was imposed by law and it could not be abrogated by the lack of premium. Or, to state the point conversely: as Harleysville did not offer the Wilberts the opportunity to pay a premium for the coverage required by law, it may not now complain of the lack of payment.

Harleysville has also pointed out that the policy in question was reviewed and accepted by the Commissioner. Such approval would amount to an exemption from the requirements of the Uninsured Motorist Act. As an administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provision to which the regulation relates, *Xerox Corp. v. City of Pittsburgh, supra,* neither may an agency grant an exemption contrary to legislative intent.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

JACOBS, President Judge, files a concurring opinion in which VAN der VOORT, J., joins.

JACOBS, President Judge, concurring:

While I agree with the result reached by the majority, I believe that it is both unwise and unnecessary to invalidate the Commissioner's sample form by holding that Exclusion (b) contravenes the policy behind the Uninsured Motorists Act *per se.*

Any attempt by the insurer to deny coverage completely, as here, must be considered in derogation of the statute's purpose, which is to enable the innocent victim of an uninsured motorist's negligence to recover those damages which he would have received had the uninsured driver maintained minimum liability insurance. *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa.Super. 162, 168, 264 A.2d 197, 200 (1970). I believe, however, that Exclusion (b) may properly be used to divide the uninsured motorist coverage in two or more automobile insurance policies issued to members of the same family in order to prevent cumulation of coverage among *insured* automobiles, since the insured still gets the full protection required by the Act. It was so employed in *Nationwide Mutual Insurance Co. v. Ealy,* 221 Pa.Super. 138, 289 A.2d 113 (1972). *See also Adelman v. State Farm Mutual Automobile Insurance Co.,* 255 Pa.Super. ——, 386 A.2d 535 (1977).

I would, therefore, hold the exclusion invalid only as applied to the facts of this case.

VAN der VOORT, J., joins this concurring opinion.