## Michael v. The Aetna Casualty and Surety Company

*Bernard M. Gross*, for plaintiff.
*Robert A. Rosin*, for defendant.

GELFAND, *J.*, May 15, 1978—This matter comes before the court on cross petitions, one by Gregory Michael (hereinafter called "Michael") to

confirm an award made by arbitrators, and the other by the Aetna Casualty and Surety Company (hereinafter called "Aetna") to vacate or modify same.

On August 1, 1975, Michael was driving a city-owned vehicle in his capacity as a police officer when he was struck by an automobile driven by an uninsured motorist at Twenty First and Lippincott Streets in Philadelphia. As a result of that auto accident, he suffered bodily injuries. Subsequently, he filed an uninsured motorists claim with Aetna with whom he had insured the two automobiles that he owned. The policy provided uninsured motorists coverage for each vehicle in the amount of $15,000 per person and $30,000 per accident. Michael's claim was in excess of $15,000 and Aetna refused payment. In accordance with the terms of the uninsured motorists provision of the policy, the dispute was submitted to arbitrators who determined Aetna should pay Michael the sum of $25,321.40 plus costs and interest.

Aetna contends the arbitrators' award should be vacated or modified. The grounds upon which a statutory arbitration award such as the one before us may be vacated or modified are set out in sections 170 and 171 of the Pennsylvania Arbitration Act of April 26, 1927, P.L. 381, 5 P.S. §§170, 171.[1]

---

1. "§170. Motion to vacate award, grounds, rehearing

"In either of the following cases the court shall make an order vacating the award upon the application of any party to the arbitration:

"(a) Where the award was procured by corruption, fraud, or undue means.

"(b) Where there was evident partiality or corruption on the part of the arbitrators, or any of them.

The heart of the issue set forth in the cross-petitions is whether the arbitrators' award which allowed the aggregation of uninsured motorists coverage for two automobiles was in accord with the terms of the policy. This duplicate coverage (commonly called "stacking") has been recognized and approved by the courts of the Commonwealth when the provisions of the insurance policy have not denied same.[2] Recent cases have seen courts liberally construe the language of uninsured motorists clauses. Our appellate courts have held that the purpose of the statute which requires such

---

"(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or any other misbehavior by which the rights of any party have been prejudiced.

"(d) Where the arbitrators exceeded their powers or so imperfectly executed them that a final and definite award upon the subject matter submitted was not made.

"§171. Modifying or correcting award, grounds

"In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration:

"(a) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.

"(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.

"(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

"(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict."

2. Nationwide Mutual Insurance Co. v. Ealy, 221 Pa. Superior Ct. 138, 289 A. 2d 113 (1972).

coverage[3] is to provide protection to innocent victims of irresponsible drivers and is designed to give monetary protection to persons who are legally using the highways themselves and are injured through the negligent use of those highways by others. "The legislative intent in enacting the uninsured motorists law therefore requires a liberal construction of the statute, and a pronounced propensity . . . to find coverage unless equally strong legal or equitable considerations to the contrary are present." Sands v. Granite Mutual Insurance Co., 232 Pa. Superior Ct. 70, 80, 331 A. 2d 711 (1974); Harleysville Mutual Casualty Co. v. Blumbling, 429 Pa. 389, 395, 241 A. 2d 112 (1968).

Consequently, we must look specifically to the provisions of the policy to determine whether the arbitrators' decision with regard to stacking was a proper one. As noted above, Michael's insurance policy covered two automobiles which provided an uninsured motorists coverage of $15,000 for each person and $30,000 for each accident.

Aetna's position is that this coverage must be read in light of the limits of liability clause which is as follows:

"Limits of Liability: Regardless of the number of . . . automobiles or trailers to which this policy applies,

"(c) the limit for Uninsured Motorists Coverage stated in the declarations as applicable to 'each accident' is the total limit of Aetna Casualty's liability for all damages because of bodily injury sustained by one or more persons as the result of any one accident."

---

3. Act of August 14, 1963, P.L. 909, sec. 1, as amended December 19, 1968, P.L. 1254, sec. 1, 40 P.S.§2000.

Aetna contends this clause provides specific limits of liability of not more than $15,000 to any one person regardless of the number of vehicles insured and the arbitrators erred by concluding that the limits of liability for each of Michael's automobiles could be added together or stacked so that a total liability limit of $30,000 was available to Michael as a claimant.

We disagree with Aetna's contention. On the contrary, we conclude that this clause when read in conjunction with the policy's declarations with respect to the coverage for "each accident" is either (a) ambiguous and therefore must be construed against Aetna, Blocker v. Aetna Casualty and Surety Co., infra, or (b) Aetna misinterprets the application of the limits of its coverage inasmuch as the clause must be interpreted in the light of Flynn v. Allstate Insurance Co., infra, as merely limiting recovery by an injured party in excess of $15,000 for each insured automobile.

However, an examination of the record indicates that the policy also contains an amendment to the insurance coverage which requires our consideration and is as follows: "(c) The limit for Uninsured Motorists Coverage stated in the declarations as applicable to 'each person' is the limit of Aetna Casualty's liability for all damages because of bodily injury sustained by one person as the result of any one accident . . ."

This amendment would appear to support our conclusion that the original clause (c) was ambiguous and that Aetna endeavored to rectify same.

The case of Celina Mutual Insurance Co. v. Knauff, 65 D. & C. 2d 692 (1974), construed a policy whose language was identical to the above-quoted amended clause so as to permit stacking. In

that case, the insured purchased and paid separate premiums for a policy covering three automobiles to the extent of $10,000 for each. He was permitted to recover in excess of that amount for medical expenses incurred as a result of one accident. The court quoted with approval the rationale of Flynn v. Allstate Insurance Co., 50 D. & C. 2d 195, 199-200 (1970):

"As to the named insured, the coverage is a contract benefit for which he has paid. Here, the damage to the insured has been determined and he now seeks indemnity for it. He is not seeking any windfall as a result of his injury but he is seeking full premiums. Applying traditional rules of construction, we think he is entitled to that coverage . . . If it were intended to restrict the limit of liability to $10,000 in one policy when more than one automobile is covered, this could have been very easily accomplished in plain unmistakable language. When we pay a double premium, we expect double coverage. This certainly is not unreasonable but to the contrary, is in accord with general principles of indemnity, that amounts of premiums are based on amounts of liability."

This court recognizes that an insurer may preclude stacking by employing clear and precise language to that effect. Such was the case in Nationwide Mutual Insurance Co. v. Ealy, supra, where the insurance policy considered "expressly excluded from uninsured motorists coverage the other vehicles owned by Ealy" so that where five automobiles were covered, injuries sustained in an accident involving one of them would be compensated only to the extent of the coverage for that vehicle. That court held an express prohibition

against aggregating coverage not violative of the Pennsylvania statute.[4] Hence, Ealy merely demonstrates that an insurance company may with clear and express language "contractually divide (its) uninsured motorists coverage into noncumulative policies attaching separately to the insured's individual automobiles," each policy providing a coverage limit in accordance with the minimum standards set by law.

The most that may be said for the language in the amended clause is that it is capable of being construed in two reasonably arguable ways. If the policy can be read to lead to an interpretation in favor of either party, then we must still resolve the matter against Aetna. The Superior Court in Blocker v. Aetna Casualty and Surety Co., 232 Pa. Superior Ct. 111, 332 A. 2d 476 (1975), reviewing an uninsured motorists policy which contained a provision identical to the amended clause before us, held the policy was clearly susceptible to two reasonably arguable interpretations. The court said when the language of a policy prepared by an insurer is ambiguous, obscure, uncertain, or susceptible to more than one construction, it must be construed most strongly against the insurer and in favor of the insured.

We are of the opinion that neither the original nor the amended language of the policy before us expressly excludes stacking. Therefore, we hold that the arbitrators' decision to aggregate or stack the coverage of the uninsured motorists policy in making its award to Gregory Michael was not an error of law.

---

4. See footnote no. 3.

Consequently, August 8, 1977, this court issued the following order:

After hearing argument on June 6, 1977, and considering briefs, it is hereby ordered and decreed that the petition of Gregory Michael to confirm the award of the arbitrators is granted and the petition of Aetna Casualty and Surety Company to vacate or modify the award of the arbitrators is denied.