## Lucas v. State Farm Mutual Automobile Insurance Company

*Craig A. Stone,* for plaintiff.
*Richard H. Wix,* for defendants.

LIPSITT, *J.,* May 19, 1978 — On October 26, 1977, plaintiffs, Elvin P. Lucas and Carrie E.

Roddy, filed a complaint against defendant, State Farm Mutual Automobile Insurance Company, for benefits under two insurance policies issued by State Farm. Following defendant's answer with new matter and plaintiffs' reply to the new matter, plaintiffs, contending there is no issue as to a material fact, presently move for judgment on the pleadings.

The following facts have been agreed upon by all the parties. On August 11, 1974, Mr. Lucas was operating a car owned by Mrs. Roddy, who was also a passenger. The car was struck in a collision with another vehicle resulting in injuries to both Mr. Lucas and Mrs. Roddy requiring medical treatment.

Mr. Lucas and Mrs. Roddy were residents in the same household. At the time of the accident Mrs. Roddy held an insurance policy for her car and Mr. Lucas also had an insurance policy covering a truck with himself as named insured. Both policies were issued by State Farm and both contained Coverage "M" for major medical payments. Under the Roddy policy, Mrs. Roddy received $2,946.96 and Mr. Lucas received $2,428.33. As Mr. Lucas had covered medical expenses totaling $2,832.83, he was tendered by State Farm a further $404.50 pursuant to his own policy.

Mrs. Roddy and Mr. Lucas seek further recovery under the Lucas policy. The motion before the court has raised three issues: (1) whether defendant failed to properly raise an affirmative defense, (2) Mr. Lucas' right to further recovery under his own policy and (3) Mrs. Roddy's right to recover under the Lucas policy.

First, plaintiffs allege State Farm failed to properly raise the affirmative defense of a policy exclu-

sion or condition. A condition in the Lucas policy requires medical payments be reduced by the amount collectible under other motor vehicle medical payments insurance available to the injured person.[1] Defendant contends if the qualification is enforced Mr. Lucas would be barred from further recovery under the major medical provisions of his policy.[2]

Defendant now petitions to amend its answer and specifically plead reimbursement to Mr. Lucas to the full extent provided by the pertinent clause. Pursuant to Rules 1033 and 126 of the Rules of Civil Procedure, defendant may be granted leave to amend its answer in the words and the form presented in defendant's petition to amend. Since the answer with this amendment properly raises the affirmative defense to Mr. Lucas' claim, the motion for judgment on the pleadings for failure to properly raise the affirmative defense is denied.

The second issue is whether Mr. Lucas is entitled to recover medical expenses under his policy beyond the amount tendered by State Farm. Mr. Lucas seeks to circumvent the condition in his policy limiting recovery for bodily injury to the excess over any other collectible motor vehicle payments insurance available to him.

1. " . . . In all other cases the insurance under coverages C and M shall be excess over any other collectible motor vehicle medical payments insurance available to the injured person." (Page 13, section 9 "Other Insurance" of the Lucas policy, attached as Exhibit A to the complaint.)

2. "To pay 100% of the first $1,000 and 80% over that amount of the total medical expenses payable under the respective divisions of coverage C to or for each person who sustains bodily injury in any one accident, subject to all the provisions of coverage C except limit of liability." ("Coverage M—Major Medical Payments," page 3 of the Lucas policy.)

Mr. Lucas is claiming $2,832.83 in covered medical expenses from State Farm under his own policy. He has already been tendered the full amount, $2,832.83, by State Farm, with $2,428.33 pursuant to the Roddy policy and the remaining $404.50 under the Lucas policy. Mr. Lucas contends State Farm must pay him the full coverage of his medical expenses, $2,832.83, under his policy without any credit for payments received for those same expenses under the Roddy automobile insurance policy.

Plaintiffs rely upon three cases: Harleysville Mutual Casualty Company v. Blumling, 429 Pa. 389, 241 A. 2d 112 (1968); Celina Mutual Insurance Company v. Knauff, 65 D. & C. 2d 692 (Lycoming Co. 1974); and Johnson v. Nationwide Mutual Insurance Company, 61 D. & C. 2d 514 (Allegheny Co. 1971), affirmed per curiam 220 Pa. Superior Ct. 793, 286 A. 2d 448 (1972). Blumling is clearly the key case and is relied upon heavily in the two lower court decisions.

In Blumling, plaintiff was driving his employer's vehicle when struck by an uninsured motorist. Both the employer and plaintiff/driver had uninsured motorist coverage which would cover plaintiff's injuries. However, plaintiff's policy contained a provision that where similar "other insurance" was available, recovery was limited to the amount plaintiff's policy aggregate exceeded the limits in the other insurance held by the employer: Harleysville Mutual Casualty Company v. Blumling, supra, at pages 390-391, 393.

Relying upon the legislative intent behind the uninsured motorist law to protect innocent victims of irresponsible drivers, the Supreme Court pierced the lowered ceiling of recovery in plaintiff's policy

and permitted recovery for losses up to the normal limits of the policy. The court concluded:

"We do not wish to imply that injured parties may be permitted to pyramid separate coverages so as to recover more than the actual loss . . . We do hold . . . that where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of the actual loss." Harleysville Mutual Casualty Company v. Blumling, supra, at pages 395-396.

The lower court decisions cited by plaintiffs also contain language supportive of policy provisions barring double recovery: Celina Mutual Insurance Company v. Knauff, supra, at page 697; Johnson v. Nationwide Mutual Insurance Company, supra, at page 518.

The Blumling decision cannot be interpreted as permitting the circumvention of policy conditions to permit double recovery for the same medical expenses. The Blumling rationale is restricted to uninsured motorist coverage cases and perhaps a "windfall" is permitted by reason of the applicable provisions of the uninsured motorist law. But in the instant situation, the medical payments are clearly set forth in the policy—they are not statutorily mandated as is uninsured motorist coverage. Indeed the very purpose of the "other insurance" clause is to limit the carrier's obligation in the event of an accident in a non-owned automobile. The determination of the excess medical payment is purely contractual. Thus Mr. Lucas' entitlement to double recovery of medical expenses cannot be maintained. See Nationwide Mutual Insurance Company, v. Ealy, 221 Pa. Superior Ct. 138, 141, 289 A. 2d 113 (1972).

The third issue is whether Mrs. Roddy is excluded from coverage under Coverage "M" of the Lucas policy for medical payments. Mrs. Roddy seeks to recover as a member of the Lucas household under the provision that: " . . . coverage C and M applies to the use of a non-owned automobile by the first person named in the declarations, or, *if residents of the same household, his spouse or the relatives of either,* provided such bodily injury *results from* its operation or *occupancy by such* named insured, . . . *spouse or relative* . . . " ("Use of Non-Owned Automobiles," page 3 of the Lucas policy.) (Emphasis supplied.)

A fair and logical reading of the policy restricts recovery to the named insured or a member of his household, who is also a spouse or relative of the named insured, Mr. Lucas. Plaintiffs admit Mrs. Roddy is neither married nor legally related to Mr. Lucas.

Although Mrs. Roddy contends she lived in the same household as Mr. Lucas in a near brother-sister relationship, that does not qualify her for treatment as a resident relative. Mrs. Roddy may not rely upon her status as a confederate member of Mr. Lucas' household to warrant recovery under the above quoted policy section.

Accordingly, we enter the following

## ORDER

And now, May 19, 1978, defendant's petition to amend its answer is granted as set forth herein, and plaintiffs' motion for judgment on the pleadings is denied.