## Henrich v. Harleysville Insurance Companies

*Soren P. West,* for plaintiff.
*Melinda S. Fisher,* for defendant.

FARINA, *J.,* July 23, 1990 — Before the court are cross-motions for judgment on the pleadings by plaintiffs Elizabeth M. Henrich and Charles P. Getz and defendant Harleysville Insurance Companies. For the reasons discussed below, plaintiffs' motion is denied and defendant's cross-motion is granted.

Plaintiffs are related as father and daughter and reside together. In April 1986 defendant issued to plaintiff Getz a personal automobile insurance policy which covered three vehicles owned by Getz and which provided, inter alia, uninsured motorist coverage for "covered persons" under the policy. The policy defined "covered persons" to include persons related to the named insured by blood, adoption or marriage and who resided in the named insured's household.

On October 2, 1986, plaintiff Henrich was injured while a passenger in an uninsured motor vehicle, owned and operated by Ralph E. Crites Jr., which went out of control and struck a tree. At the time of the accident, plaintiff Henrich was herself the owner of an automobile, but the insurance covering Henrich's vehicle, issued by Erie Insurance Co., had lapsed in April 1986, due to non-payment of premiums. Plaintiff Henrich applied to defendant for the uninsured motorist benefits provided by her father's automobile insurance policy. Defendant refused coverage on the ground that, as the owner of an uninsured registered vehicle, she had failed to comply with the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701 et seq., and was thus an ineligible claimant.

At the outset, we note that the policies and purposes underlying the MVFRL, enacted in 1984, are markedly different from those underlying the Uninsured Motorist Act of 1963, 40 P.S. §2000. The

1963 act was construed to extend coverage to an insured even when he or she owned and occupied an uninsured motor vehicle. See e.g., *Wilbert v. Harleysville Mutual Insurance Co.,* 254 Pa. Super. 217, 385 A.2d 987 (1978). The purpose of the MVFRL, on the other hand, is to discourage drivers from operating uninsured vehicles on Pennsylvania roadways and is construed narrowly to penalize owners of registered vehicles who fail to comply with the law. *Allen v. Erie Insurance Co.,* 369 Pa. Super. 6, 534 A.2d 839 (1987).

"In passing the [MVFRL], the legislature was primarily concerned with the rising consumer cost of automobile insurance, created in part by the substantial number of uninsured motorists who contributed nothing to the pool of insurance funds from which claims were paid. The act has the effect of requiring all owners of registered vehicles to share in the burden of insurance before they can obtain the benefits. By denying benefits to a certain class of people — those not insuring their registered vehicles — the act encourages the purchase of insurance by all owners who register vehicles which can be legally operated on the highways. It is logical and reasonable to conclude that any vehicle potentially operable, as evidenced by an owner's registration of such a vehicle, was meant to be included." *Id.* at 10, 534 A.2d at 840-1. (citations omitted)

Plaintiffs urge the court to follow the rationale of *Wilbert v. Harleysville, supra,* arguing that it is still good law because the decision has never been overruled and the 1963 act, interpreted in the *Wilbert* opinion, has never been repealed. We reject this course, recognizing as Judge Perezous did in his well reasoned decision in *Bushman v. Old Guard Mutual Insurance Co.,* 71 Lancaster L. Rev. 250 (1988), that:

"[T]he *Wilbert* holding has neither been followed nor overruled since it was written 10 years ago. Instead, the legal focus has shifted from the old, albeit unrepealed, 1963 act to the recently passed Financial Responsibility Law. Without so much as a reference to, or an attempt to reconcile with, the older statute, the Superior Court rapidly has developed a new line of case law to address the many questions left unresolved by the 1984 legislation. Public policy has been the theme of these decisions." *Id.* at 257.

Section 1714 of subchapter B of the MVFRL prohibits owners of currently registered but uninsured vehicles from collecting first-party insurance benefits. Plaintiffs point out that subchapter C, which provides for uninsured and underinsured benefits, contains no comparable limitation. However, uninsured/underinsured coverage is analogous to first-party coverage. See, e.g., *Wolgemuth v. Harleysville Mutual Insurance Co.,* 370 Pa. Super. 51, 535 A.2d 1145 (1988). A fortiori, the policies and purposes underlying subchapter B are applicable to subchapter C.

Plaintiffs next argue that the facts of the instant case are distinguishable from those of *Brown v. Travelers Insurance Co.,* 355 Pa. Super. 535, 513 A.2d 1051 (1986); *Johnson v. Travelers Insurance Co.,* 343 Pa. Super. 560, 495 A.2d 938 (1985) and *Bushman, supra,* in that plaintiff Henrich was not operating her uninsured vehicle when she was injured. For this reason, plaintiffs argue, plaintiff Henrich's situation does not warrant strict application of the public policies discussed in *Allen, supra.* While we agree that the facts sub judice are different, we cannot agree that they compel a different result.

Finally, plaintiffs contend, plaintiff Henrich, who resided with plaintiff Getz, the named insured, meets the policy's definition of "covered persons" and, at least theoretically, was a member of the economic unit which paid the insurance premiums on the Getz policy. Thus, they continue, plaintiff Henrich did contribute to the insurance system from which she now seeks to benefit and the policy rationale of the MVFRL will not be transgressed if we award benefits. This last argument, we feel, misses the mark. The plaintiff in *Bushman, supra,* was the named insured on the policy from which underinsurance benefits were sought and was more obviously a contributor to the system than plaintiff Henrich who is, at best, merely a "covered person"; nevertheless, *Bushman's* plaintiff was denied coverage because she owned a registered but uninsured vehicle. *Bushman* at 258. The fact of compliance in one instance does not negate the fact of non-compliance in another instance.

In closing, we observe, as did Judge Perezous, that "we are reluctant to construe the policy as written against plaintiff so as to deny her coverage under its provisions. . ." However, to rule in plaintiffs' favor would require us to disregard the public policy of the MVFRL so clearly enunciated in *Allen, supra.*

Accordingly, we enter the following

ORDER

And now, July 23, 1990, upon consideration of the parties' cross-motions for judgment on the pleadings and the briefs and oral arguments of the parties with regard thereto, plaintiffs' motion is denied, defendant's cross-motion is granted and judgment on the pleadings is entered in favor of defendant Harleysville Insurance Companies.