552 A.2d 296

Stephen STOLEC and Nancy Ganster, Administrators of the
Estate of Stephen M. Stolec, Deceased, Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY.

Superior Court of Pennsylvania.

Submitted Oct. 31, 1988.

Filed Dec. 28, 1988.

Rodney P. Permigiani, Pittsburgh, for appellants.

Robert W. Deer, Pittsburgh, for appellee.

Before MONTEMURO, HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

Appellants, Stephen Stolec and Nancy Ganster, Administrators of the Estate of Stephen M. Stolec, deceased, appeal the order granting appellee's motion for judgment on the pleadings. We affirm.

The facts as determined by the lower court are undisputed by the parties. Specifically, on October 4, 1986, Stephen M. Stolec (hereinafter referred to as "decedent"), was a passenger in an automobile owned and driven by Mary Ann Koller, (hereinafter referred to as "driver"). A one-car accident involving this vehicle resulted in the untimely death of the decedent. The driver's vehicle was covered by a policy of insurance with State Farm Fire and Casualty Company (hereinafter referred to as "State Farm"), appellee herein. The policy had limits of $25,000 for liability coverage and $25,000 for underinsured motor vehicle coverage. Appellants made a written demand on the appellee for the limits of both the liability and underinsured motor vehicle coverages. The appellee offered the limits of the liability coverage, but denied any recovery under the underinsured motorist provision.

Appellants commenced this action to recover for the wrongful death of the decedent. After the pleadings were closed, appellee filed a motion for judgment on the pleadings which the lower court granted. The basis of the lower court decision was that recovery under the driver's policy was limited to the extent of the liability coverage and that the underinsured coverage was available only if there was a second policy under which the decedent was an insured or covered person. In reaching this decision, the lower court correctly followed our *en banc* decision in *Wolgemuth v. Harleysville Mutual Ins. Co.*, 370 Pa.Super. 51, 535 A.2d 1145 (1988).

In *Wolgemuth,* we were faced with resolving the issue of whether a guest passenger, who was a covered person under the terms of a policy of motor vehicle insurance applicable to the host vehicle, and who was injured in a single vehicle accident, could recover underinsurance benefits under the policy applicable to the host vehicle, when that passenger had already received the limits of the liability coverage under that same policy. We held that the policy definition of underinsured vehicle, which excluded the insured vehicle, did not violate either the express provision or the purpose of the Motor Vehicle Financial Responsibility Law and did not offend public policy.

In the instant case, the facts are virtually identical to the facts before us in *Wolgemuth.* Appellant was a guest passenger who was killed in a single vehicle accident. Appellee, insurance company for the driver, has offered to provide appellants with the limits of the liability coverage under the driver's insurance, but refuses to provide appellants with any of the underinsurance benefits. Appellants argue that the contested language in the State Farm policy is contrary to the public policy of the Commonwealth of Pennsylvania as expressed in the Motor Vehicle Financial Responsibility Law. As pointed out above, we rejected this same argument when it was presented in the *Wolgemuth* case. Based on the sound rationale espoused in the *Wolgemuth* case, we again reject this argument in the present case.

Appellant has chosen to ignore our decision in *Wolgemuth* even though the case is factually indistinguishable and was specifically cited by the lower court in its order and analyzed in its opinion. Instead, appellant relies upon *White v. Westfield Ins. Co.,* 67 Wash.Cty.Rep. 112 (1986). Not only are we not controlled by a court of common pleas decision, but also, the decision in *White* was filed prior to our decision in *Wolgemuth.* We can only assume that appellant cannot identify any distinction between the instant case and the case that was before us in *Wolgemuth.* Perhaps appellants, rather than acknowledging the exist-

ence of *Wolgemuth,* have chosen to hope it would not be considered precedent. Nonetheless, we are constrained by decisional law and affirm the lower court's order granting appellee's motion for judgment on the pleadings.

Order of the lower court affirmed.