JOHNSON, J.,
Plaintiff, Martin J. Doherty, commenced this action in declaratory judgment to recover underinsured/uninsured motorist benefits under a policy of insurance issued by defendant, The Travelers Insurance Company. (See plaintiff’s complaint, generally.)
Injured in an underlying one-car collision, plaintiff was a passenger in the vehicle of Travelers’ named insured when the driver lost control of the car, colliding with a wall. (Plaintiff’s complaint, paragraphs 4, 5 and 6.) Uninsured by any carrier of his *181 own, plaintiff sought recovery of third-party liability benefits under the terms of the Travelers policy, and the $25,000 limit of coverage was offered and paid accordingly. (Plaintiff’s complaint, paragraph 11; defendant’s answer and new matter, paragraph 15; defendant’s motion for judgment on the pleadings and/or motion for summary judgment, paragraph 5.) Refusing, however, to accept the tendered sum as final payment of his claim, plaintiff alleged injuries in excess of $50,000, and now seeks additional coverage under the same policy for uninsured motorist benefits. (Plaintiff’s complaint, paragraphs 12 to 14; statement of matters complained of on appeal, count I, paragraph 1.)
Claiming coverage based on the alleged involvement of a second vehicle in events proximately preceding the accident, plaintiff alleged that an unidentified motorist, through indeterminate negligence, caused Travelers’ insured to lose control of her car. (Plaintiff’s complaint, paragraphs 6 and 8.) While no collision occurred between this unidentified motorist and Travelers’ insured, and further documentation does not appear of record, plaintiff asserted coverage under definition section 4 of the Travelers policy wherein an:
“Uninsured motor vehicle means a highway vehicle or trailer of any type: . . . which is a hit-and-run highway vehicle, if neither the driver nor the owner can be identified, which causes bodily injury to an insured by physical contact with the insured or a vehicle occupied by the insured. ” (Plaintiff’s complaint, exhibit A; emphasis in original.)
Undisputedly an insured under liability provisions of the policy, plaintiff asserted de facto coverage by the foregoing section, as the alleged second vehicle cannot be identified and plaintiff is otherwise uninsured. (See plaintiff’s complaint, generally.) Ac *182 cordingly, he relies for his claim not on the “unde-rinsured” status of the car in which he was riding, but the legally “uninsured” status of the “phantom” car. (Statement of matters complained of on appeal, count I, paragraph 1.)
The pleadings now having been closed, both parties moved for judgment on the pleadings. Defendant asserts that public policy prohibits collection by a third-party insured of uninsured/underinsured benefits in conjunction with liability coverage under the same policy of insurance. Constrained to adopt the logic of appellate rationale so holding, this court granted defendant’s motion, and simultaneously denied that of plaintiff.*
Now the subject of this appeal, such action is readily supported by aspects of the record of both pleading and substance. Initially, statutory considerations reveal plaintiff’s failure to plead a prima facie case, as requisite elements for maintenance of this type of action, fail to ¿ppear on the face of the record. The Motor Vehicle Financial Responsibility Law, in the definition corresponding to the policy provision on which plaintiff relies, provides that an “uninsured motor vehicle” may be:
“(3) An unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action *183 arising out of the accident.” 75 Pa.C.S. §1702. (emphasis supplied)
Plaintiff’s pleadings having failed to disclose whether the police were, in fact, summoned to document the occurrence, or within what time frame Travelers was notified, plaintiff’s claim for uninsured benefits is eviscerated, or converted at best to a claim for underinsurance, decidedly unenforceable under these circumstances. See Wolgemuth v. Harleysville Mutual Insurance Co., 370 Pa. Super. 51, 535 A.2d 1145 (1988).
While such a point may appear to elevate form over substance and plaintiff may so advocate, the underlying rationale of the statute serves the valid purpose of claim verification where, as in Pennsylvania, a contract of insurance cannot require physical impact to establish the legally uninsured status of the “hit and run” vehicle. Accord: Webb v. United Services Automobile Assn., 227 Pa. Super. 508, 323 A.2d 737 (1974). Accordingly, where impact can be neither required nor shown, the legislature has created standards of verification in pleading with which failure to comply, through even the most cursory of allegations, must be deemed unacceptable.
In addition, requirements of pleading notwithstanding, plaintiff’s action is without substantive merit. Whether viewed as a claim for uninsured motorist benefits based on the involvement of a “phantom” vehicle, or as a simpler claim for unde-rinsurance based solely on inadequate liability coverage, the same dispositive rationale must be held to apply. Simply stated, an unnamed beneficiary who shares no contractual privity with the vehicle’s insurer, and has paid no premiums for coverage, can harbor.no reasonable expectation that coverage will, in fact, be afforded under the policy of another *184 named insured. Wolgemuth v. Harleysville Mutual Insurance Co., supra; Stolec v. State Farm Fire and Casualty Co., 380 Pa. Super. 492, 552 A.2d 296 (1988).
Indeed, while our law seeks the maximum restoration of every innocent party injured by the negligence of another, both legislative and judicial mandates direct that such restoration must occur within established parameters to assure the continued viability of an affordable and practical system of insurance for the policyholder himself. Wolgemuth, supra; see also, Legislative Journal — Senate, Vol. I, p. 1583, January 25, 1984; and Vol. Ill, p. 1148, October 4, 1983.
For the realization of that purpose, the legislature has provided, at 75 Pa.C.S. §1733, a priority of recovery that spreads amongst multiple policies the expense of a claimant’s damages. Wolgemuth, supra. As recently observed by our Superior Court in the analogous context of underinsurance:
“The language of the statute itself suggests that underinsurance motorist coverage requires the existence of at least two applicable policies of motor vehicle insurance[;] . . . one policy applicable to the vehicle which is at fault in causing the injury to the claimant and which is the source of liability coverage . . . and a second policy, under which the injured claimant is either an insured or a covered person. It is the second policy which the statute contemplates as the source of underinsured motorist coverage, where the liability coverage provided by the first policy ... is insufficient to fully compensate the claimant for his injuries.” Wolgemuth, supra, (emphasis in original)
Equally applicable to the payment of uninsured motorist benefits, the Superior Court’s rationale reflects a circumspect analysis of the consequences *185 of its action. As observed by the court en banc, collection of underinsurance benefits from the same policy under which liability coverage has already been obtained, would convert such additional benefits to excess liability coverage in derogation of the statutory scheme. Id. Accord: Newkirk v. United Services Auto. Assn., 388 Pa. Super. 54, 564 A.2d 1263 (1989). Convinced that the resulting extended liability of every single carrier “would necessarily effect an increase in the cost” of mandatory insurance coverage, the court limited a claimant’s recovery under a single policy of insurance to the statutory priority of section 1733, supra. Wolgemuth, supra.
Accordingly, a claimant seeking uninsured/unde-rinsured motorist benefits may recover not from the policy of primary liability coverage, but rather from a second policy under which he is insured or covered. Id. Accord: Newkirk, supra. Although where, as here, an unfortunate result may thus be engendered by plaintiff’s status as otherwise uninsured, the same cannot be made fodder for the destruction of a system which serves economically an entire class of beneficiaries.
Wherefore, this court was constrained to enter the order from which plaintiff now appeals.

 Plaintiff, in his statement of matters complained of on appeal, asserts in the denial of his motion an aspect of finality conferred by the simultaneous grant of defendant’s countermotion. Accordingly, plaintiff requested certification of a question for appellate review from the order denying his motion. As the issues to be presented in such an appeal are, however, identical to those presented in the instant appeal, certification would be inappropriate, and accordingly, has not been granted.